KNOTVILLE VOLUNTEER FIRE DEPARTMENT, INC. v. WILKES COUNTY
AND BROADWAY FIRE DEPARTMENT, INCORPORATED

No. 8623DC1175

(Filed 5 May 1987)

**Municipal Corporations § 5.1— fire district—disputed boundaries—referendum controlling**

The trial court correctly concluded that a disputed area was part of the fire district served by plaintiff rather than defendant and that plaintiff was entitled to all of the tax receipts collected within the district, since the referendum which created the district contained a very exact and detailed description of the district, and the precise wording of the referendum controlled, not an accompanying map which excluded the disputed portion. Moreover, none of the procedures listed in N.C.G.S. § 69-25.11 for altering established boundaries were followed in this case; the court properly researched the applicable statutes and current case law by consulting with an expert in the field of fire protection law; and plaintiff was not prevented from bringing the action by the defense of laches because defendant made no showing that it was prejudiced by plaintiff's inaction.

APPEAL by defendant Broadway Fire Department from *Osborne, Judge.* Judgment entered 16 June 1986 and order entered 30 July 1986 in District Court, WILKES County. Heard in the Court of Appeals 1 April 1987.

Plaintiff instituted this action on 3 July 1985 seeking a declaratory judgment establishing the Yadkin River as the boundary line between the Knotville and Broadway Fire Districts in Wilkes County. Plaintiff also sought to establish that it is entitled to the receipt of special fire taxes for the area as stated in the notice of special election held on 26 July 1975.

The Knotville Fire District was formed in 1975 as the result of a petition filed with the Wilkes County Board of Elections requesting a special election for the formation of the district and the assessment of fire taxes therein. The boundaries, as set forth in the petition, included the segment now in dispute but the map

accompanying the petition did not. The election for the creation of the district passed by a vote of 93 to 2.

On 14 June 1977, the Knotville Fire Department, Inc. entered into a contract with the Wilkes County Board of Commissioners to provide adequate fire protection for all property located within the Knotville Fire District. In return, the fire department was to receive the fire taxes collected for that area. This contract provided for fire protection until the year 2008.

On 3 January 1978, the Wilkes County Board of Commissioners met and addressed matters concerning the description of the Knotville Fire District for the purpose of establishing the proper insurance rating. The Commission determined that for insurance rating purposes, the disputed area was not a part of the Knotville Fire District.

In 1985 Knotville registered a complaint with the Wilkes County Board of Commissioners claiming the disputed area to be a part of the Knotville Fire District. The commissioners referred the matter to the Wilkes County Fire Commission who resolved the dispute in favor of the Broadway Fire Department by holding the questioned area to be within that district. The Wilkes County Board of Commissioners accepted the recommendation of the fire commission. Knotville, thereafter, filed this action.

After all parties had filed separate motions for summary judgment, the trial court entered a declaratory judgment holding that the disputed segment came within the Knotville fire protection area, the boundaries having been established by proper notice and referendum as provided by law. The court also ordered all of the tax receipts collected within the Knotville Fire District to be paid to the Knotville Volunteer Fire Department, Inc. The court stated that before rendering judgment, it consulted with Ben F. Loeb, Jr. of the Institute of Government in Chapel Hill, an expert in the field of North Carolina fire protection law.

Wilkes County filed a motion for an order staying implementation of the declaratory judgment and a motion asking the court to reconsider its judgment.

The trial court denied the motions on 30 July 1986. From the judgment and order above, defendant Broadway Fire Department appeals.

*Vannoy, Moore, Colvard, Triplett & Freeman, by Howard C. Colvard, Jr. and Anthony R. Triplett, for defendant appellant, Broadway Fire Department.*

*Ferree, Cunningham & Gray, by George G. Cunningham, for plaintiff appellee.*

ARNOLD, Judge.

Defendant Broadway Fire Department, Inc. contends that the trial court erred in denying its motion for summary judgment and in granting plaintiff's motion for summary judgment. We disagree.

In reviewing an order of summary judgment it must be determined that there is no genuine issue of material fact and that judgment was appropriate as a matter of law. G.S. 1A-1, Rule 56; *Oliver v. Roberts,* 49 N.C. App. 311, 271 S.E. 2d 399 (1980), *cert. denied* (1981, N.C.), 276 S.E. 2d 283 (1981). In the present case, there were no material issues of fact in dispute. All that remained was a resolution of the law involved. We hold that the trial court correctly concluded that the disputed area was a part of the Knotville Fire District.

The referendum which created the Knotville Fire District contained a very exact and detailed description of the district. Also filed with the referendum was a map of Wilkes County on which the new district supposedly had been outlined, but this map excluded the disputed portion from the hand-drawn boundaries. It is, however, the precise wording of the referendum that controls, not the accompanying map.

After a district has been created, the only ways to alter the established boundaries are listed in G.S. 69-25.11. None of the statutory procedures were followed here. The area of the Knotville Fire District remains the same as when it was established by referendum in 1975.

Shortly after the Knotville Fire District was created, the Wilkes County Board of Commissioners entered into a contract with the Knotville Fire Department in which the latter was to provide fire protection for the Knotville Fire District until the year 2008. Defendant attempts to attack this contract, but G.S. 69-25.5 specifically allows county commissioners to contract with

Knotville Volunteer Fire Dept. v. Wilkes County

an incorporated nonprofit volunteer fire department to provide fire protection. The contract between Wilkes County and the Knotville Fire Department is valid and binding. The trial court correctly concluded that the action of the Wilkes County Board of Commissioners on 18 June 1985 which authorized the Broadway Fire Department to serve the disputed area was a violation of the contract with the Knotville Fire Department. The trial court appropriately granted plaintiff's motion for summary judgment.

Defendant also contends that the trial court erred in considering a publication from the Institute of Government in Chapel Hill, entitled *Fire Protection Law in North Carolina*, and in consulting with its author Ben F. Loeb, Jr. before rendering judgment. We disagree.

The trial court was perfectly within its limits to research the applicable statutes and current case law by consulting with Mr. Loeb, an expert in the field of fire protection law. Defendant's contention is without merit.

We are also unpersuaded by defendant's final contention that the equitable defense of laches prevents plaintiff from bringing this action because the Knotville Fire Department waited approximately ten years from the creation of the district before filing to seek payment of the special fire taxes being levied and collected by Wilkes County in the disputed area.

The defense of laches may be available to a defendant if the plaintiff has delayed in bringing the action for an unreasonable amount of time and the defendant has been prejudiced thereby. *Capps v. City of Raleigh*, 35 N.C. App. 290, 241 S.E. 2d 527 (1978). Laches is available only when the defendant has been prejudiced by the delay. *McRorie v. Query*, 32 N.C. App. 311, 232 S.E. 2d 312, *disc. rev. denied*, 292 N.C. 641, 235 S.E. 2d 62 (1977).

Assuming *arguendo* that there was an unreasonable delay in the instant case, defendant has made no showing that it was in any way prejudiced by such inaction. In fact, the Broadway Fire Department has done nothing but benefit from any delay because it has been receiving the special fire taxes for the disputed area during that time. Defendant's contention is totally without merit.

Affirmed.

Judges MARTIN and GREENE concur.