CONCERNED CITIZENS OF DOWNTOWN ASHEVILLE, AN UNINCORPORATED ASSOCIATION, JIM F. HUGHES, JOHN A. AUTEN, ROBERT H. JOLLY, PLAINTIFFS v. BOARD OF ADJUSTMENT OF THE CITY OF ASHEVILLE, DEFENDANT AND ASHEVILLE-BUNCOMBE COMMUNITY CHRISTIAN MINISTRY, INTERVENOR

No. 8828SC877

(Filed 20 June 1989)

**Municipal Corporations § 31.1— decision to allow permit for shelter for homeless—no standing of nearby landowners to seek review—no special damages**

Plaintiffs, an unincorporated association of owners of businesses and real property located on Coxe Avenue in Asheville, lacked standing to seek review of the Zoning Board of Ad-

justment's decision to allow a zoning permit for the renovation of an existing structure on Coxe Avenue to provide a shelter for the homeless, since plaintiffs failed to allege and the trial court failed to find that plaintiffs would be subject to "special damages" distinct from the rest of the community. N.C.G.S. § 160A-388(e).

APPEAL by plaintiffs from *Lewis, Robert D., Judge.* Order entered 11 March 1988 in BUNCOMBE County. Heard in the Court of Appeals 15 March 1989.

Plaintiff, Concerned Citizens of Downtown Asheville, is an unincorporated association whose membership consists of owners of businesses and real property located on and near the southern end of Coxe Avenue in Asheville, North Carolina. Plaintiffs Hughes, Auten and Jolly are each owners of a business and interest in real property located on the southern end of Coxe Avenue.

On 16 November 1987 the Zoning Administrator for the City of Asheville issued a zoning permit to Asheville-Buncombe Community Christian Ministry to allow the renovation of an existing structure located at 207 Coxe Avenue, Asheville. The structure is to be used as a shelter for the homeless.

Pursuant to N.C.G.S. § 160A-388(b), plaintiffs appealed the issuance of the permit to the Asheville Board of Zoning Adjustment. Following a hearing on 17 December 1987, the Board of Zoning Adjustment affirmed the decision of the Zoning Administrator in issuing the permit. In its order dated 5 February 1988 the Board's findings of fact included: that the property was located in the Commercial Service District; "that neither 'shelters for the homeless,' nor any other form of lodging for the indigent is specifically allowed as a use within any of the zoning districts as set forth in the Zoning Ordinance"; that the proposed homeless shelter was a "community service" and a residential use and that services and other residential uses are specifically allowed in a Commercial Service District. The Board found that due to a pre-existing use parking and setback requirements had been met, and concluded as a matter of law that "the proposed facility is an allowed use in the Commercial Service zone."

Pursuant to N.C.G.S. § 160A-388(e), plaintiffs filed a petition in the superior court for review in the nature of certiorari. Plaintiffs asked that the court review the record, issue an order reversing

the decision of the Board and order that the zoning permit be rescinded. Instead, by order dated 11 March 1988, the superior court affirmed the order of the Board of Adjustment. From this order, plaintiffs appeal.

*David E. Matney, III for appellants.*

*William F. Slawter for defendant appellee.*

*Whalen, Hay, Pitts, Hugenschmidt, Master & Devereux, by Edward C. Hay, Jr. and Barry L. Master, for respondent intervenor appellee.*

ARNOLD, Judge.

Defendant Board of Adjustment of the City of Asheville contends that plaintiffs lacked standing to seek review of the Zoning Board of Adjustment's decision. We agree.

An appeal from a board of zoning adjustment decision may be taken by any person "aggrieved." N.C.G.S. § 160A-388(e). Thus, plaintiffs had standing only if they were aggrieved persons within the meaning of the statute. *Heery v. Town of Highlands Zoning Board of Adjustment*, 61 N.C. App. 612, 300 S.E. 2d 869 (1983). As the court in *Heery* pointed out, an aggrieved party is one who can show either "some interest in the property affected," or, if plaintiffs are nearby property owners, they must show "special damage" which amounts to "a reduction in the value of [their] property." *Id.* at 613, 300 S.E. 2d at 870, *citing Pigford v. Board of Adjustment*, 49 N.C. App. 181, 270 S.E. 2d 535 (1980), *disc. rev. denied and appeal dismissed*, 301 N.C. 722, 274 S.E. 2d 230 (1981); *Jackson v. Board of Adjustment*, 275 N.C. 155, 161-62, 166 S.E. 2d 78, 82-83 (1969).

In this case, as in *Heery*, plaintiffs failed to allege, and the Superior Court failed to find that plaintiffs would be subject to " 'special damages' distinct from the rest of the community." *Heery* at 614, 300 S.E. 2d at 870. Plaintiffs allege nothing more than that they are nearby or adjacent property owners. Though this might be sufficient to challenge the validity of an amendment to the ordinance itself in a declaratory judgment action, *Godfrey v. Zoning Board of Adjustment*, 317 N.C. 51, 66, 344 S.E. 2d 272, 281 (1986), it is insufficient to allege standing under N.C.G.S. § 160A-388(e). See generally 3 Rathkopf, *The Law of Zoning and Planning* § 43.04 at 43-22 (1988).

The order appealed from is vacated, and the matter is remanded to the Superior Court for the entry of an order dismissing the petition for writ of certiorari and vacating the writ of certiorari granted.

Vacated and appeal dismissed.

Judges JOHNSON and PHILLIPS concur.