KNOTVILLE VOLUNTEER FIRE DEPARTMENT, INC. v. WILKES COUNTY

No. 8823DC1374

(Filed 20 June 1989)

**Declaratory Judgment § 9— fire protection services—contract with county for distribution of fire taxes—declaratory judgment—supplemental proceeding**

A district court order dismissing petitioner's supplemental proceeding to determine respondent's liability under a 1977 contract was remanded where the contract was for petitioner to provide fire protection for all property located within the district and the county to pay petitioner the fire taxes collected from the district during the contract period; petitioner brought a declaratory judgment action to determine the boundaries of the district and the applicability of the contract to it; the trial court held in 1986 that the 1977 contract between the parties was valid and binding, that the disputed area was within the district covered by the contract, and that all of the tax receipts collected for fire protection purposes within the district should be paid to petitioner "by the 10th of each month"; petitioner filed this supplemental proceeding to determine respondent's liability under the contract for fire taxes collected on various properties within the disputed area for 1985 and prior years; respondent moved to dismiss on the grounds that the declaratory judgment granted no retroactive relief, that liability for taxes previously collected was not raised in the declaratory judgment action, and that this proceeding would require respondent to raise new tax money or recoup tax payments mistakenly made to another fire department; and the trial court granted the motion to dismiss.

APPEAL by petitioner from *Osborne, Judge.* Order entered 25 October 1988, *nunc pro tunc* 6 September 1988, in District Court, WILKES County. Heard in the Court of Appeals 20 April 1989.

*Ferree, Cunningham & Gray, by George G. Cunningham, for petitioner appellant.*

*Joe O. Brewer for respondent appellee.*

PHILLIPS, Judge.

This supplemental proceeding to determine respondent's liability under a contract that was the subject of an earlier declaratory judgment action was dismissed by the trial court. The pertinent facts follow:

In 1975, by a special election in Wilkes County, the Knotville Fire District, comprising a certain area described in the notice of the election, was formed. On 14 June 1977 the petitioner fire department and the respondent county entered into a contract which required the petitioner to provide fire protection services for all property located within the district until 3 January 2008, and the county to pay petitioner the fire taxes collected from the district during that time. In 1985 a dispute arose between the parties as to whether a certain area is within petitioner's district or that of the Broadway Fire Department, and petitioner brought a declaratory judgment action to determine the boundaries of the district and the applicability of the contract to it. In that action, on 16 June 1986, the trial judge held that the 1977 contract between the parties was valid and binding, that the disputed area was in the district covered by the contract, and that "[a]ll of the tax receipts collected for fire protection purposes within the . . . District" should be paid to petitioner "by the 10th day of each month." That judgment was affirmed by this Court in *Knotville Volunteer Fire Department, Inc. v. Wilkes County and Broadway Fire Department, Incorporated*, 85 N.C. App. 598, 355 S.E. 2d 139, *disc. rev. denied, petition for disc. rev. dismissed*, 320 N.C. 632, 360 S.E. 2d 88, 89 (1987), and after the action returned to the District Court petitioner filed this supplemental proceeding to determine respondent's liability to it under the contract for fire taxes collected on various properties within the disputed area for 1985 and prior years. Respondent moved to dismiss the proceeding and following a hearing the court dismissed it on the ground that the declaratory judgment "granted no retroactive relief"; that the respondent's liability for the taxes previously collected was not raised in the declaratory judgment action; and that this proceeding could require the respondent to raise new tax money or recoup tax payments

that were mistakenly made from the disputed area to the Broadway Fire Department.

None of the grounds for dismissing the proceeding has any legal significance and the order is vacated. That the declaratory judgment granted no retroactive relief to petitioner is immaterial, since retroactive relief was neither sought by the action nor denied by the judgment. In the action petitioner sought only to establish the contract rights and duties of the parties, and from the adjudication that the 1977 contract was valid and binding and covered the disputed area, it necessarily follows that the rights and obligations agreed to were enforceable from the contract's inception. Nor is it legally significant that respondent's liability for past tax collections was not raised in the declaratory judgment action. None of the declaratory judgment statutes, G.S. 1-253, *et seq.*, require one seeking an adjudgment of contract rights to go further and seek an enforcement of those rights; for the liability that flows from a contract, the validity and meaning of which has been established by declaratory judgment, is usually obvious and agreed to by the parties, and when it is not it can be determined by a supplemental proceeding such as this one under the following provisions of G.S. 1-259:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

Finally, since counties, no less than others, are legally bound by their valid contracts, it is irrelevant that the respondent county may have to either recover money that it erroneously paid to the Broadway Fire Department or levy some new taxes if its contract is enforced by this proceeding.

The order is therefore vacated and the proceeding remanded to the District Court for a determination of respondent's liability to petitioner in accord with this opinion and the law pertaining thereto.

Vacated and remanded.

Judges PARKER and COZORT concur.