HARVEY M. ALLEN, PETITIONER v. CITY OF BURLINGTON BOARD OF AD-
JUSTMENT, RESPONDENT; AND ALLIED CHURCHES OF ALAMANCE
COUNTY, INC., INTERVENOR/RESPONDENT

No. 9015SC258

(Filed 20 November 1990)

1. **Municipal Corporations § 31.1 (NCI3d)— zoning—building in-
spector's decision—standing of property owner to appeal**

Petitioner was a "person aggrieved" by a building inspec-
tor's decision that proposed uses of zoned property were
appropriate and could appeal that decision to the Board of
Adjustment where his own testimony shows that he is a near-
by property owner who will suffer special damages in that
the value of his property will be reduced by the proposed uses.

**Am Jur 2d, Zoning and Planning § 343.**

2. **Municipal Corporations § 31 (NCI3d)— zoning—decision per-
mitting uses of property—notice—reasonable time for appeal**

Petitioner appealed from a building inspector's 1986 deci-
sion permitting the use of zoned property for a community
kitchen, adult day care, and offices within a "reasonable time"
as permitted by city ordinance where he had no actual notice
of the decision until a 10 August 1989 letter to his attorney,
and he appealed the decision on 8 September 1989. However,
petitioner had constructive notice of the portion of the decision
allowing the property to be used for a homeless shelter where
the shelter had been in operation since 1986, and his challenge
on appeal of an expansion of the shelter on the ground of
the use of the property was thus barred by the "reasonable
time" requirement of the ordinance.

**Am Jur 2d, Zoning and Planning §§ 300-303.**

3. **Municipal Corporations § 30.11 (NCI3d)— zoning—community kitchen not boarding house—adult day care as rooming house— offices as accessory use**

A community kitchen does not constitute a "boarding house" which is permitted by petitioner's zoning classification where the zoning ordinance defines boarding house as "a dwelling where meals or lodging and meals are provided for compensation." However, an adult day care center does constitute a rooming house permitted under the zoning classification, and offices constitute a permissible accessory use to the principal use of the property.

**Am Jur 2d, Zoning and Planning §§ 113, 114.**

**What is a lodginghouse or boardinghouse within provisions of zoning ordinance or regulation. 64 ALR2d 1167.**

APPEAL by petitioner from order entered 22 December 1989 in ALAMANCE County Superior Court by *Judge J. Milton Read, Jr.* Heard in the Court of Appeals 25 September 1990.

Intervenor-respondent Allied Churches of Alamance County, Inc. [Allied Churches] has operated a homeless shelter in Burlington since November 1986. In early 1989, intervenor filed a rezoning request with the city. Intervenor planned to build a new facility on the site, and desired to have its setback requirements reduced. It wished to construct the new building to house the shelter as well as an adult day-care center, the Allied Churches offices, and the Good Shepherd Community Kitchen. At the time, the property was zoned "R-9" and "O-I." A sign was posted on the property announcing the filing of the petition in April 1989.

A public meeting was held 19 April 1989 at which several area residents objected to the construction of a new facility. The residents asked the town officials in attendance whether the new facility required any special use permits and whether the community kitchen in particular could be located in the building. Burlington's Chief Building Inspector Jack Childers, who is charged with making such interpretations by the zoning ordinance, was on medical leave and unavailable. Robert Harkrader, Burlington's Planning Director, indicated by letter to the residents that the assistant building inspector had determined that the community kitchen was not permissible on the site, and the other proposed uses were allowable only with a special use permit.

In August 1989, Childers wrote to intervenor's attorney informing him that he had in fact made a determination in 1986 that each of the proposed uses was appropriate, and that this interpretation still stood. He had not previously been made aware of the intervening interpretation, or that one had been requested. A copy of this letter was sent to petitioner Harvey Allen's attorney and petitioner appealed this ruling to the Burlington Board of Adjustment. The Board affirmed the building inspector's interpretation, holding that petitioner was not an aggrieved party, his appeal was not timely filed, and the building inspector's interpretation was correct.

Petitioner then appealed to the Alamance County Superior Court. On 9 November 1989, respondent Allied Churches was granted leave to intervene in the appeal. The court affirmed the Board's ruling by order entered 22 December 1989. Petitioner appeals.

*Michael B. Brough & Associates, by Frayda S. Bluestein and Michael B. Brough, for petitioner-appellant.*

*Robert M. Ward for respondent-appellee.*

*Wishart, Norris, Henninger & Pittman, P.A., by Margaret C. Ciardella, Robert B. Norris, and June K. Allison, for intervenor-respondent-appellee.*

WELLS, Judge.

Petitioner initially assigns error to the court's ruling that he was required to prevail on the preliminary issues of standing and timeliness by a vote of four-fifths of the members of the Board. Due to our disposition of this appeal, we need not reach or decide this issue.

Petitioner next assigns error to the trial court's decision upholding the Board of Adjustment's holdings that he is not an aggrieved party, that his appeal is time-barred, and affirming the building inspector's interpretation. We affirm in part and reverse in part.

The scope of review for decisions made by a Board of Adjustment sitting as a quasi-judicial body involves:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Town and Country Civic Organization v. Winston-Salem Zoning Bd. of Adjustment*, 83 N.C. App. 516, 350 S.E.2d 893 (1986), *disc. review denied*, 319 N.C. 410, 354 S.E.2d 729 (1987). Petitioner claims that the decision of the town board is legally erroneous and not supported by competent evidence in the whole record and should not have been affirmed.

[1] We first address the issue of standing. Appeals may be taken to the Board of Adjustment from a building inspector's decision only by a "person aggrieved" by that decision. N.C. Gen. Stat. § 160A-388(b) (1987); Burlington Zoning Ordinance § 32.15(H). The Board in this case found that petitioner was not an aggrieved party, and the trial court affirmed this determination. This conclusion is not supported by the evidence in the record. An aggrieved party is one who can either show an interest in the property affected, or if the party is a nearby property owner, some special damage, distinct from the rest of the community, amounting to a reduction in the value of his property. *Concerned Citizens of Downtown Asheville v. Board of Adjustment of the City of Asheville*, 94 N.C. App. 364, 380 S.E.2d 130 (1989). The record reveals competent evidence of such special damages through petitioner's own testimony. Respondents' expert testified in general terms about the neighborhood and his opinion as to the appropriateness of the proposed uses in the area. We find nothing in his testimony which could reasonably be concluded to negate petitioner's testimony about his property. Petitioner is a person aggrieved for purposes of this action.

[2] We turn next to the issue of timeliness. The trial court affirmed the Board's determination that petitioner was time-barred from bringing this appeal, relying on the local ordinance and laches. Burlington Zoning Ordinance § 32.15(H) provides that appeals are to be taken within a "reasonable time." Reasonable is not defined. In making a determination of what is reasonable, the time begins

to run when a party has actual or constructive notice of the zoning decision. *See Town & Country Civic Organization, supra.* There is no evidence that petitioner had actual notice of the building inspector's decision until the 10 August 1989 letter. Petitioner appealed this decision on 8 September 1989, a reasonable period.

Respondents' claim focuses on assertions of constructive notice, particularly from a series of newspaper articles dealing with the shelter. The articles mention the possibility of an expanded use of the property, but we cannot say that they are so definite that petitioner should be charged with notice of any zoning interpretation regarding the proposed uses before the appearance of the sign on the property in April 1989.

Petitioner concedes that he had constructive notice of the interpretation allowing the homeless shelter, since it has been in operation since 1986, and is barred from challenging the operation of the shelter as it currently stands. He claims that this time bar does not apply, however, to the planned expansion of the shelter. We disagree. This appeal is from the 1986 interpretation of permissible uses of the property. Petitioner lost his right to challenge that portion of the interpretation dealing with the shelter. His appeal rights do not resurface simply because a use which has been found to be permissible on the property is being expanded. Any challenge to this expansion would have to be based on factors other than use, and any such factors are not before us.

Petitioner is not barred by the ordinance time requirements from challenging the interpretation relating to the Good Shepherd Community Kitchen, adult day-care, and offices. He is also not barred by laches. Laches will only work as a bar when the claimant knew of the existence of the grounds for the claim. *See Cieszko v. Clark,* 92 N.C. App. 290, 374 S.E.2d 456 (1988). There has been no showing that petitioner knew of the grounds for this appeal before the 10 August 1989 letter, and we cannot agree that the newspaper stories charged him with this knowledge.

The interpretation which forms the crux of this appeal compared the kitchen with a boarding house, the adult day-care center with a rooming house, and construed the offices as an accessory use. Under the table of permitted uses in the city code, each use was then permissible as of right on the property. Burlington Zoning Ordinance § 32.9. We shall address each use *seriatim.*

## Good Shepherd Community Kitchen

[3]   The city code defines a boarding house as "[a] dwelling where meals or lodging and meals are provided for compensation." Burlington Zoning Ordinance § 32.22 (9). "Dwelling" is defined as "[a] building designed for or used by one (1) or more families for residential purposes but not including a hotel, motel or mobile home." Burlington Zoning Ordinance § 32.22 (17). The usual conception of a boarding house involves a family taking paying guests into its home, with the guests having some degree of permanency, or contracting for fixed periods. 82 Am. Jur. 2d, *Zoning and Planning*, § 114, p. 578 (1976); Annotation, *Zoning—Lodging House or Boardinghouse*, 64 A.L.R.2d 1167 (1959). Each case, however, must be determined by its own facts and the language of the ordinance. *Id.*

A primary factor taken into consideration in determining what is a boarding house is the transiency of the clientele. *Id.* This is consistent with the language of the ordinance, which excludes hotels and motels from the definition of dwelling. Though there is testimony in the record which indicates that the Good Shepherd Community Kitchen serves some people regularly, it is in the nature of such operations to primarily serve transients. In finding a residential purpose in the facility, the trial court also relied on the operation of the shelter. While we recognize that the building inspector is simply required to find a use to which the proposed use is "most similar," *see* Burlington Zoning Ordinance § 32.9, the inspector's interpretation regarding the community kitchen stretches the ordinance too far. The decision to affirm it was erroneous.

### Adult Day-Care Center

The city code defines a rooming house as "[a] dwelling where lodging without meals is provided for compensation." Burlington Zoning Ordinance § 32.22 (44). There is little in the record to indicate exactly what this day care would entail. Giving the words their ordinary meaning, we hold that it is reasonable to assume that a good number of those who partake of this service will do so for an extended period. We have many of the same difficulties with this interpretation that applied to the community kitchen, but the difference in purpose, and the lessened likelihood of transient clients makes this interpretation more reasonable. We cannot agree that the Board's decision to affirm it was erroneous. It is therefore affirmed.

ALLEN v. CITY OF BURLINGTON BD. OF ADJUSTMENT

[100 N.C. App. 615 (1990)]

*Allied Churches Offices*

We also do not perceive any grounds for reversing the decision to affirm the inspector's interpretation regarding the offices. An accessory use is one customarily incidental and subordinate to the principal use or structure. Burlington Zoning Ordinance § 32.22(3). It was reasonable to assume that the organization would need offices to coordinate the activities it carries on in the building, and that such a use is customarily incidental and subordinate to the principal uses of the land. Allied Churches may rely on this interpretation to operate offices in the R-9 zone which are in fact related to the permissible uses. Petitioner has conceded that *any* office use is permissible in the O-I zone.

To summarize, we hold that the Board properly held that petitioner may not challenge the expansion of the homeless shelter on the grounds of the use of the property. The trial court's affirmation of the Board's upholding of the inspector's interpretation is affirmed regarding the operation of an adult day-care center, and reversed regarding the operation of the Good Shepherd Community Kitchen. The kitchen is not permissible as of right under the provisions applicable to boarding houses. The Board's upholding of the interpretation is also affirmed pertaining to the operation of Allied Churches' offices in the R-9 zone which are in fact related to the permissible uses. Operation of offices in the O-I zone are permissible according to the letter of the code.

Affirmed in part; reversed in part.

Judges COZORT and LEWIS concur.