E. THOMAS ABERNETHY, SR., E. THOMAS ABERNETHY, JR., ANN T. ABERNETHY, KIMBERLY ABERNETHY AND MEMORY SAVERS, INC., PETITIONERS v. TOWN OF BOONE BOARD OF ADJUSTMENT, RESPONDENT

No. 9224SC185

(Filed 6 April 1993)

1. **Municipal Corporations § 30.11 (NCI3d); Limitations, Repose, and Laches § 160 (NCI4th) — municipality's enforcement of sign ordinance — reasonable delay — no disadvantage due to delay — laches inapplicable**

   Laches cannot be asserted against a municipality to prevent it from enforcing its own ordinances when the delay is reasonable and plaintiff has suffered no disadvantage due to the delay.

   **Am Jur 2d, Equity § 156; Zoning and Planning § 1089.**

2. **Municipal Corporations § 30.11 (NCI3d); Limitations, Repose, and Laches § 160 (NCI4th) — municipal sign ordinance — failure to enforce for four years — great disadvantage to sign owner because of delay — doctrine of laches applicable**

   The doctrine of laches applied in this case to prevent defendant town from enforcing its own sign ordinance where plaintiff agreed to give up a leasehold interest and purchase space in an adjacent shopping center for $250,000 if it could keep its freestanding sign; plaintiff was concerned that without the freestanding sign its business would suffer; without assurances from two town officials that the sign was in compliance with the town ordinance, plaintiff would never have given up its leasehold interest and purchased the property; the town delayed for almost four years before it attempted

to enforce the sign ordinance; the town would not even have sought to enforce the sign ordinance when it did, except for complaints of the shopping center owner, the very person from whom plaintiff purchased the property; four years was an unreasonably long time to wait to enforce the ordinance; and the unreasonable wait caused plaintiff to suffer great disadvantage.

**Am Jur 2d, Zoning and Planning § 1089.**

Appeal by respondent from order entered 24 October 1991 by Judge Claude Sitton in Watauga County Superior Court. Heard in the Court of Appeals 3 February 1993.

*Randal S. Marsh for petitioners.*

*Paletta & Hedrick, by David R. Paletta, for respondent.*

LEWIS, Judge.

The procedural issue presented by this appeal is whether the trial court erred in reversing the decision of the Town of Boone Board of Adjustment. In reaching the procedural issue however we must first decide whether the defense of laches can be asserted so as to prevent a municipality from enforcing its own ordinances. We hold that on the facts of this case the defense of laches is applicable and that the trial court did not err in reversing the decision of the Boone Board of Adjustment.

The facts of this case show that in 1983, Memory Savers, Inc. ("Memory Savers") was originally granted a sign permit by the Town of Boone for a freestanding sign located on Blowing Rock Road. At the time the sign permit was originally issued, Memory Savers was leasing its business premises for its express photo finishing business from E. F. Coe. Thereafter, Memory Savers was informed that Mr. Coe wanted to sell the premises which Memory Savers was leasing to the Shaw-Furman Partnership, but that Memory Savers' leasehold interest in the property was delaying the transaction. As a concession to get Memory Savers to vacate their existing premises, Mr. Coe and the Shaw-Furman Partnership agreed to sell Memory Savers a new location in Southgate II, an adjacent shopping center. As a further concession, it was agreed that Memory Savers would be allowed to keep its freestanding sign. Memory Savers felt this additional concession was necessary

to insure the vitality of its business since its new location would not be readily visible from the road.

Cognizant of an existing town ordinance which might interfere with Memory Savers' sign, Memory Savers conditioned the entire transaction on it being allowed to retain possession of its existing freestanding sign. The reason for the potential conflict was section 7.8.10 of the Town of Boone Zoning Ordinance. Under section 7.8.10, businesses located within shopping centers, malls, and unified business establishments are only allowed two signs which must be either attached, canopy or projecting signs. According to section 7.8.10(c), a business within a shopping center is not allowed a free-standing sign unless "the business has an exterior frontage in the commercial development of eighty (80) linear feet or more." There is no dispute that Memory Savers lacks the requisite amount of exterior frontage.

Therefore, with this ordinance in mind, Memory Savers required that the deed of conveyance contain the language: "[p]resent freestanding sign may remain 'as is' subject to City of Boone approval." Memory Savers sought approval prior to the consummation of the transaction from two different town officials. In its Petition for a Writ of Certiorari, Memory Savers claims that it contacted Carolyn Aldridge, Zoning Enforcement Officer of the Town of Boone, and Neil Hartley, Building Inspector of the Town of Boone, both of whom informed Memory Savers that the sign in question was in compliance and that the sign permit was still valid. Relying on these statements, in late 1987 Memory Savers purchased the building in the Southgate II shopping center for $250,000.

Thereafter, in 1991, the Town of Boone began to receive complaints about the Memory Savers' sign from members of the shopping center as well as from the owner of the shopping center. As a result, the Town of Boone Department of Planning and Inspections conducted an investigation and concluded that the Memory Savers' sign violated section 7.8.10(c) of the Town of Boone Zoning Ordinance. A letter was sent to Memory Savers on 4 April 1991 informing it that its sign was not in compliance and that it must be removed. Memory Savers appealed the decision to the Boone Board of Adjustment. A hearing was held before the Boone Board of Adjustment on 6 June 1991, at which time the Board of Adjustment voted to uphold the decision of the Planning Department.

ABERNETHY v. TOWN OF BOONE BD. OF ADJUSTMENT

[109 N.C. App. 459 (1993)]

Memory Savers filed a petition for Writ of Certiorari in the Watauga County Superior Court on 10 July 1991 alleging that it was not a part of the shopping center and therefore not governed by section 7.8.10 of the Boone Zoning Ordinance. Memory Savers also raised the defenses of estoppel and laches claiming that it had relied on previous representations of the town to its detriment. At oral argument before Judge Sitton, the Town of Boone admitted that it should have taken action against Memory Savers as early as 1987 but that it had not. On the basis of the evidence presented, Judge Sitton reversed the decision of the Boone Board of Adjustment holding that the Town of Boone was guilty of laches. The Town of Boone has appealed the decision of the superior court.

The standard by which this Court reviews the decisions of a town board of adjustment sitting as a quasi-judicial body involves:

1) Reviewing the record for errors in law,

2) Insuring that procedures specified by law by both statute and ordinance are followed,

3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

5) Insuring that decisions are not arbitrary and capricious.

*Allen v. City of Burlington Bd. of Adjustment*, 100 N.C. App. 615, 617-18, 397 S.E.2d 657, 659 (1990). When a superior court reviews the decision of a board of adjustment on certiorari, the superior court sits as an appellate court. *CG&T Corp. v. Board of Adjustment*, 105 N.C. App. 32, 411 S.E.2d 655 (1992). The superior court does not act as the trier of fact. *Coastal Ready-Mix Concrete Co. v. Board of Comm'rs*, 299 N.C. 620, 265 S.E.2d 379, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980). Therefore, this Court's role in reviewing the sufficiency and the competency of the evidence at the appellate level, is not whether the evidence before the superior court supported that court's ruling, but whether the evidence before the town board supported its decision. *Id.* In determining the sufficiency of the evidence which supports the town board's decision, this Court applies the whole record test, considering not just the

evidence that supports the board's decision but also the evidence that detracts from it. *Ghidorzi Constr. Inc. v. Town of Chapel Hill*, 80 N.C. App. 438, 342 S.E.2d 545, *disc. rev. denied*, 317 N.C. 703, 347 S.E.2d 41 (1986). In applying the whole record test neither this Court nor the superior court is allowed to replace the decision of the town board if there are two reasonably conflicting views of the evidence. *Id.*

Having reviewed the whole record in this matter, we hold that the trial court was correct in reversing the decision of the Boone Board of Adjustment. In its Writ of Certiorari, Memory Savers raised the legal defenses of laches and estoppel. These issues were not raised before the Board of Adjustment and the superior court was therefore the first to hear these matters. As these are legal defenses they necessarily come under part one of this Court's standard of review to determine whether an error of law occurred. When the question is whether an error of law occurred, this Court is free to undertake a *de novo* review. CG&T Corp. v. Board of Adjustment, 105 N.C. App. 32, 411 S.E.2d 655 (1992).

The defenses of estoppel and laches are both equitable in nature and there is often substantial overlap in their application. As a result, the Town of Boone cites *City of Raleigh v. Fisher*, 232 N.C. 629, 635, 61 S.E.2d 897, 902 (1950), where our Supreme Court stated "a municipality cannot be estopped to enforce a zoning ordinance against a violator by the conduct of its officials in encouraging or permitting such violator to violate such ordinance in times past." Providing the rationale for its decision, the Supreme Court held that a contrary decision would allow citizens to acquire immunity to the law by habitually breaking it with the consent of unfaithful public servants. *See also, City of Winston-Salem v. Hoots Concrete Co.*, 47 N.C. App. 405, 267 S.E.2d 569, *disc. rev. denied*, 301 N.C. 234, 283 S.E.2d 131 (1980).

Although there is substantial overlap between the doctrines of laches and estoppel, we do not feel that *Fisher* adequately addresses the current situation because the issue in this case is laches and not estoppel. As the Town of Boone has correctly pointed out there are no cases in North Carolina which answer the question of whether laches can be asserted against a municipality to prevent a municipality from enforcing its own ordinances. However, there are several cases in North Carolina where a municipality has been allowed to raise the defense of laches against a property holder

and we have found substantial guidance in those previous decisions. *Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E.2d 576 (1976); *Stutts v. Swaim*, 30 N.C. App. 611, 228 S.E.2d 750, *disc. rev. denied*, 291 N.C. 178, 229 S.E.2d 692 (1976).

Our Supreme Court has stated that laches will apply "where lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim." *Taylor*, 290 N.C. at 622, 227 S.E.2d at 584. The mere passage of time does not by itself entitle a party to the defense of laches. *Cieszko v. Clark*, 92 N.C. App. 290, 374 S.E.2d 456 (1988). Instead, the facts of each case must be looked at on a case by case situation. *Taylor*, 290 N.C. at 622, 227 S.E.2d at 584. In addition, laches will only work as a bar when the claimant knew of the existence of the grounds for the claim. *Allen v. City of Burlington Bd. of Adjustment*, 100 N.C. App. 615, 397 S.E.2d 657 (1990).

Specifically, in *Taylor*, our Supreme Court addressed the situation of a city asserting the defense of laches against a property holder where two years and twenty-two days had elapsed since the city's adoption of a rezoning ordinance and the property holder's challenge to the ordinance. On those facts, the Supreme Court held the delay was unreasonable and had worked to the disadvantage and prejudice of the City of Raleigh. Whereas the delay in *Taylor* was only two years, the delay in the present matter has been closer to four years, leaving no doubt that the delay on the part of the Town of Boone has been unreasonable.

In addition, there is no doubt that the Town of Boone was aware of the potential violation, because Memory Savers called it to the attention of two officials for the Town of Boone. The Town of Boone has been aware of the violation for close to four years and even admitted that it should have taken action as early as 1987. However, instead of taking action, the Town of Boone gave assurances to Memory Savers that there was no violation with the sign. Based on these assurances, Memory Savers relinquished *its* leasehold interest and incurred substantial debt to acquire space in the Southgate II shopping center.

[1] Clearly, all the requisite elements for laches are present in this case. However, this still does not answer the fundamental question of whether laches can be asserted against a municipality, such as the Town of Boone, to prevent the municipality from enforc-

ABERNETHY v. TOWN OF BOONE BD. OF ADJUSTMENT

[109 N.C. App. 459 (1993)]

ing its own ordinances. In answering this question, we find guidance in a passage in C.J.S.:

Delay in initiating injunction proceedings does not necessarily estop a city or zoning authority from maintaining such proceeding, and *generally speaking, the defense of laches may not be asserted against it, at least where the delay is reasonable, and defendant has not suffered any disadvantage as a result thereof.*

101A C.J.S. *Zoning & Land Planning* § 342 (1979) (emphasis added). Therefore, we believe the general rule to be that laches cannot be asserted against a municipality to prevent it from enforcing its own ordinances when the delay is reasonable and defendant has suffered no disadvantage due to the delay.

[2] However, on the facts of this case we feel that the doctrine of laches is applicable. As we stated previously, the Town of Boone delayed for almost four years before it attempted to enforce the sign ordinance. If the two years and twenty-two days in *Taylor* was unreasonable, then four years is clearly unreasonable as well. There is also evidence in the record, that the Town of Boone would not even have sought to enforce the sign ordinance when it did, except for the complaints of the owner of the shopping center; the very person from whom Memory Savers purchased the property.

Further, the unreasonable delay on the part of the Town of Boone has caused Memory Savers to suffer great disadvantage. Only after Memory Savers was assured by the two town officials that its sign was in compliance did Memory Savers spend $250,000 to purchase the adjacent property. Throughout the process, Memory Savers was concerned that without the existing freestanding sign its business would suffer. Without assurances from the Town of Boone that it could keep its freestanding sign, Memory Savers would have never given up its leasehold interest nor would it have made the initial capital investment to procure the adjacent property. As a result, we hold that the unreasonable delay on the part of the Town of Boone has worked an unreasonable disadvantage to Memory Savers and that it would be unjust to allow the Town of Boone to now enforce its sign ordinance. For the foregoing reasons, the superior court's decision that the doctrine of laches was applicable is

GRAVITTE v. MITSUBISHI SEMICONDUCTOR AMERICA

[109 N.C. App. 466 (1993)]

Affirmed.

Judges WELLS and COZORT concur.