MMR HOLDINGS, LLC AND TOWN & COUNTRY FORD, INCORPORATED, PETITIONERS
    v. CITY OF CHARLOTTE AND THE CHARLOTTE ZONING BOARD OF ADJUST-
    MENT, RESPONDENTS

No. COA01-185

(Filed 28 December 2001)

**Laches— municipal sign ordinance—failure to show prejudice**

The trial court did not err by concluding that respondent city is not precluded by the affirmative defense of laches from enforcing its sign ordinance against petitioner car dealership, because:

(1) there were no assurances by city officials that the signs would not violate the ordinance; (2) petitioner did not spend any money relying on assurances from city officials; and (3) the evidence fails to show a resulting prejudice based on the city's delay in enforcing the ordinance.

Appeal by petitioners from judgment entered 29 November 2000 by Judge L. Oliver Noble in Superior Court, Mecklenburg County. Heard in the Court of Appeals 5 December 2001.

*James, McElroy & Diehl, P.A., by Richard B. Fennell, for petitioners-appellants.*

*David M. Smith, Senior Assistant City Attorney, for respondents-appellees.*

WYNN, Judge.

In *Abernathy v. Town of Boone Board of Adjustment,* 109 N.C. App. 459, 427 S.E.2d 875 (1993), this Court recognized that the defense of laches could be asserted to prevent a municipality from enforcing its ordinances.

Petitioner, Town and Country Ford, operates an auto dealership in Charlotte and leases property from petitioner MMR Holdings. They argue on appeal that the doctrine of laches barred the City of Charlotte from declaring their balloons, pennants and other declarations to be a violation of a sign ordinance. We review *de novo* the petitioners' contention that the record contains an error of law and hold that the defense of laches does not apply to the facts of this case. *See Westminister Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.,* 140 N.C. App. 99, 102, 535 S.E.2d 415, 417-140 (2000), *affirmed,* —— N.C. ——, 554 S.E.2d 634 (2001). Therefore, we affirm the Superior Court's holding that the City of Charlotte Zoning Board of Adjustment committed no error in denying petitioners' request for a variance from the sign ordinance.

To establish the affirmative defense of laches, our case law recognizes that 1) the doctrine applies where a delay of time has resulted in some change in the condition of the property or in the relations of the parties; 2) the delay necessary to constitute laches depends upon the facts and circumstances of each case; however, the mere passage of time is insufficient to support a finding of laches; 3) the delay must be shown to be unreasonable and must have worked to the disadvan-

tage, injury or prejudice of the person seeking to invoke the doctrine of laches; and 4) the defense of laches will only work as a bar when the claimant knew of the existence of the grounds for the claim. *See Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E.2d 576 (1976); *Allen v. City of Burlington Bd. of Adjust.*, 100 N.C. App. 615, 397 S.E.2d 657 (1990).

In *Abernathy*, Judge Jack Lewis writing for the Court, astutely tempered "the general rule to be that laches cannot be asserted against a municipality to prevent it from enforcing its own ordinances when the delay is reasonable and defendant has suffered no disadvantage due to the delay." *Id.* at 465, 427 S.E.2d at 878. Thus, Judge Lewis narrowly determined that under the facts of that case, the doctrine of laches applied because the Town of Boone delayed for almost four years before trying to enforce the ordinance although it was aware of the potential violation. Additionally, after the business owner was assured by two town officials that its sign was in compliance, the owner spent $250,000 to purchase the adjacent property. Thus, this Court concluded,

> As a result, we hold that the unreasonable delay on the part of the Town of Boone has worked an unreasonable disadvantage to [the business owner] and that it would be unjust to allow the Town of Boone to now enforce its sign ordinance

*Id.* at 465, 427 S.E.2d 879.

In contrast to the fact-specific holding of *Abernathy*, in the present case, there were no assurances by city officials that the signs would not violate the Ordinance, and Town and Country Ford did not spend any money relying on assurances from city officials. Thus, the Superior Court found that:

> 11. Town and Country Ford made no change of position based upon assurances that the Zoning staff had given to Town and Country Ford any assurance that the unlawful signage could continue to be used.

Nonetheless, Town and Country Ford argues that as a result in the City's delay in enforcing the Ordinance, it will be required to spend substantially more money to renovate its building than it would have spent had it known that the City was taking the position that the decorations at issue violated the sign ordinance in 1986 or 1990. However, the record also shows that Town and Country received a warning citation in 1998 but continued to keep the banners up after

ATCHLEY GRADING CO. v. WEST CABARRUS CHURCH

[148 N.C. App. 211 (2001)]

the warning. There is no evidence in the record that any city official told Town and Country that the signs complied with the Ordinance, and there is no evidence in the record that based on assurances from city officials that Town and Country changed its signs or spent money in reliance. Furthermore, the evidence fails to show a resulting prejudice because of the City's delay in enforcing the Ordinance. *See Knotville Vol. Fire Dept., N.C. v. Wilkes County*, 85 N.C. App. 598, 601, 355 S.E.2d 139, 141, *disc. review denied*, 320 N.C. 632, 360 S.E.2d 88 (1987). Since the facts of this case do not support a determination that the delay was unreasonable nor that Town and Country suffered great disadvantage due to the delay, we uphold the Superior Court's conclusion of law that the City of Charlotte is not precluded from enforcing its sign ordinance against Town and Country.

Affirmed.

Judges WALKER and THOMAS concur.