**TOWN OF CAMERON v. WOODELL**

[150 N.C. App. 174 (2002)]

TOWN OF CAMERON, Plaintiff-Appellee v. PAUL W. WOODELL and BRENDA H. WOODELL, Defendants-Appellants

No. COA00-1546

(Filed 7 May 2002)

**Zoning— laches—town's assurances**

  The doctrine of laches precluded the Town of Cameron from enforcing its zoning ordinance against defendants with respect to their use of property for selling automobiles as well as operating a flea market where the uncontroverted evidence was that defendants informed the town of their proposed uses of the property prior to purchasing the property, defendants relied on the town's assurances that the property was not within its zoning jurisdiction, defendants obtained the necessary permits for such uses of the property in reliance on these assurances, and the town waited nearly four years before it attempted to enforce its zoning ordinance.

Appeal by defendants from judgment entered 12 July 2000 by Judge William M. Neely in Moore County District Court. Heard in the Court of Appeals 7 November 2001.

*The Brough Law Firm, by Michael B. Brough and G. Nicholas Herman, for plaintiff-appellee.*

*Van Camp, Meacham & Newman, P.L.L.C., by Thomas M. Van Camp, for defendants-appellants.*

TIMMONS-GOODSON, Judge.

On 17 September 1993, Paul W. Woodell and Brenda H. Woodell (collectively, "the defendants") signed a contract to purchase property in the town of Cameron. Prior to consummating the purchase, defendants informed the town clerk and mayor that they intended to sell used merchandise and automobiles on the property. The town clerk advised defendants that the property was not within the town's zoning jurisdiction. Defendants subsequently obtained the necessary permits from Moore County.

On 6 October 1993, the town of Cameron adopted an ordinance that zoned as "residential agricultural" the area where defendants' property was located. The ordinance provided that those selling used merchandise or automobiles must first obtain a conditional use permit.

Defendants acquired title to the property on 18 November 1993, more than a month after the enactment of the 6 October 1993 zoning ordinance. In November of 1993, defendants obtained a license to operate a flea market from the North Carolina Department of Revenue and in June of 1994, defendants acquired a license from the North Carolina Department of Motor Vehicles to sell automobiles on the property.

In 1997, the town of Cameron discovered that defendants' property was, in fact, located within the town's jurisdiction. Thereafter, the town issued a violation notice to defendants. In October 1997, defendants applied for a conditional use permit for the continued operation of their business. The application was denied by the Town of Cameron Board of Commissioners. On 11 May 1998, the town instituted an action to enjoin defendants from selling merchandise and automobiles in violation of the town's zoning ordinance.

On 12 July 2000, the trial court entered an order containing the following pertinent findings of fact:

15. Shortly after the defendants bid on the Woodell property the[y] contacted the mayor and clerk of the Town of Cameron as to the necessary licenses and to the status of zoning on the property. The clerk of the Town of Cameron informed them, that the property was not within the zoning area of the Town of Cameron.

16. When the defendants obtained the record title on November 18, 1993[,] they applied for and were given a license from Moore County to operate a business for the sale of goods.

17. At the time of the issuance of the business license the Woodell[s] mistakenly believed that the Woodell property was not within any zoning district and they were not aware of the zoning ordinance enacted on October 6, 1993.

. . . .

20. The defendants have not proven to the court that they ever made inquiry of the Town of Cameron as to whether automobile sales were permitted on the Woodell property under zoning ordinance of the Town of Cameron or that they did not rely upon any assurances of any official of the Town of Cameron as to the non-applicability of zoning the Woodell property in regard to the sale of automobiles.

21. The defendants acted in reasonable reliance upon the statements by officials of the Town of Cameron as to the lack of applicability of zoning ordinances to the Woodell property in the creation of their business for the sale of merchandise on the property in question.

. . . .

28. The defendants are entitled to protection from enforcement of the zoning ordinance of the Town of Cameron as to the operation of their business for sale of merchandise as a flea market to the extent they operated the business as such in the fall of 1997 when they were informed of the violation in the ordinance.

29. The defendants have not established that they are entitled to protection from the enforcement of the zoning ordinance of the Town of Cameron as to the defendants' use of the property in question for the sale of automobiles.

The court concluded as a matter of law that the Town of Cameron was barred by the doctrine of laches from enforcing its zoning ordinance against the defendants as it related to the use of the Woodell property for the sale of merchandise as a flea market. The court granted injunctive relief against defendants' operation of the sale of automobiles. Defendants appeal.

The dispositive issue on appeal is whether the doctrine of laches prohibits the town of Cameron from enforcing its zoning ordinance with respect to defendants' use of the property for the sale of automobiles. For the reasons stated herein, we affirm in part and reverse in part the judgment of the trial court.

"It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). Findings of fact are binding on appeal if there is competent evidence to support them, "even where there may be evidence to the contrary." *Barnhardt v. City of Kannapolis*, 116 N.C. App. 215, 217, 447 S.E.2d 471, 473, *disc. review denied*, 338 N.C. 514, 452 S.E.2d 807 (1994).

Laches is an affirmative defense that bars a claim where the " 'lapse of time has resulted in some change in the condition of the

**TOWN OF CAMERON v. WOODELL**

[150 N.C. App. 174 (2002)]

property or in the relations of the parties which would make it unjust to permit the prosecution of the claim[.]' " *Taylor v. N.C. Dept. of Transportation*, 86 N.C. App. 299, 304, 357 S.E.2d 439, 441-42 (1987) (quoting *Taylor v. City of Raleigh*, 290 N.C. 608, 622, 227 S.E.2d 576, 584 (1976)). To prevail on the affirmative defense of laches, the party asserting the defense bears the burden of proving that (1) the claimant knew of the existence of the grounds for the claim; (2) the delay was unreasonable and must have worked to the disadvantage, injury or prejudice of the party asserting the defense; (3) the delay of time has resulted in some change in the condition of the property or in the relations of the parties; however, the mere passage of time is insufficient to support a finding of laches. *See Abernethy v. Town of Boone Bd. of Adjustment*, 109 N.C. App. 459, 464, 427 S.E.2d 875, 878 (1993). The amount of delay required to establish laches depends on the facts and circumstances of each case. *See Taylor*, 290 N.C. at 622, 227 S.E.2d at 584.

In *Abernethy*, a landowner was granted a permit by the Town of Boone for a freestanding sign. *Abernethy*, 109 N.C. App. at 460, 427 S.E.2d at 876. Thereafter, plaintiff, a lessee of landowner's building, was informed that the landowner wanted to sell the premises to a third party. *Id.* The landowner and the third party agreed to sell plaintiff the property located in Southgate II, an adjacent shopping center. Plaintiff conditioned the entire transaction on being allowed to retain possession of its existing freestanding sign. *Id.* at 461, 427 S.E.2d at 876. Before agreeing to the transaction, plaintiff contacted the zoning enforcement officer for the Town of Boone who informed plaintiff that the sign was in compliance and the permit was valid. *Id.* Relying on the representations of the town officials, plaintiff vacated the premises. Four years later, the Town of Boone, ordered the sign removed, because the sign violated the town's zoning ordinance. This Court held that as a general rule, "laches cannot be asserted against a municipality to prevent it from enforcing its own ordinances when the delay is reasonable and defendant has suffered no disadvantage due to the delay." *Id.* at 465, 427 S.E.2d at 878. However, this Court held that "on the facts of this case," the doctrine of laches applied and thus prohibited the Town of Boone from enforcing its own ordinances. *Id.* In applying the elements of laches to the facts, the Court held that (1) the Town was aware of the potential violation for almost four years before it attempted to enforce the ordinance; (2) the Town's representations and delay in attempting to enforce the ordinance was unreasonable and (3) the plaintiff was prejudiced by the Town's representations and delay. *Id.* The Court further concluded

that "if the two years and twenty-two days in *Taylor* was unreasonable, then four years is clearly unreasonable as well." *Id.; see also Taylor*, 290 N.C. at 626, 427 S.E.2d at 586 (holding that the delay was unreasonable where two years and twenty-two days had elapsed since the city's adoption of a rezoning ordinance).

Similarly, in the present case, we hold that the doctrine of laches is applicable on these facts as it relates to the defendants' use of the property for the sale of automobiles as well as to the flea market. In drawing a distinction between defendants' use of the property, the trial court concluded that the doctrine of laches was applicable as it related to the use of the property for the sale of used merchandise in a flea market, but not for the sale of automobiles. However, clearly, all the requisite elements for laches are present in both situations. As in *Abernethy*, the town of Cameron was aware of defendants' proposed use of the property in September of 1993 when they informed the town of their plans to use the property for selling used merchandise and for selling automobiles. The town of Cameron, knowing of defendants' intended use of the property, delayed nearly four years before it attempted to enforce its zoning ordinance. There is no competent evidence in the record to support the trial court's finding that defendants did not rely upon any assurances from the town of Cameron in regards to the sale of automobiles. Instead, the evidence in the record reveals that after defendants informed the town on 17 September 1993 of their plans, the town told them it did not have zoning jurisdiction over the property. Plaintiff attempts to rely on the fact that, while the record discloses that defendants contracted to purchase the property in September of 1993, defendants did not obtain a permit to operate the flea market until November of 1993 and a permit to operate the flea market until June of 1994. However, the uncontroverted evidence remains that: (1) defendants informed the town of their proposed uses of the property for both businesses prior to their purchase; (2) defendants relied on the town's assurances that the property was not within the town of Cameron's zoning jurisdiction; (3) in reliance on these assurances, defendants obtained the necessary permits from Moore County to purchase the property. Clearly, if the evidence supports a finding that the town knew about defendants' use of the property as a flea market, it would logically support the same finding as to the sale of automobiles on the property.

.Further, the unreasonable delay on the part of the Town of Cameron has prejudiced defendants. Only after the town of Cameron informed defendants that their property was not within the town's

jurisdiction did defendants obtain permits from Moore County and begin their development of the property. We therefore conclude that the doctrine of laches precluded the town of Cameron from enforcing its zoning ordinance against defendants with respect to their use of the property for selling automobiles, as well as operating a flea market.

Plaintiff brings forth one cross-assignment of error arguing that the trial court erred in concluding that the doctrine of laches barred the town from enforcing its zoning ordinance against defendants as it relates to the use of the property as a flea market. However, in light of the above holding, we affirm the trial court's decision with respect to the defendants' use of the property as a flea market.

Affirmed in part; reversed in part.

Judges HUDSON and TYSON concur.