Chambers v. Moses H. Cone Mem'l Hosp., 2021 NCBC 43.

STATE OF NORTH CAROLINA

GUILFORD COUNTY

CHRISTOPHER CHAMBERS, on
behalf of himself and all others
similarly situated,

Plaintiff,

v.

THE MOSES H. CONE MEMORIAL
HOSPITAL; THE MOSES H. CONE
MEMORIAL HOSPITAL
OPERATING CORPORATION d/b/a
MOSES CONE HEALTH SYSTEM
and d/b/a CONE HEALTH; and
DOES 1 through 25, inclusive,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 6126

**ORDER AND OPINION
ON DEFENDANTS' MOTION
TO DISMISS**

*Higgins Benjamin, PLLC, by John F. Bloss, and Law Offices of Barry L. Kramer, by Barry L. Kramer, for Plaintiff Christopher Chambers.*

*Womble Bond Dickinson (US) LLP, by Philip J. Mohr and Brent F. Powell, for Defendants The Moses H. Cone Memorial Hospital and The Moses H. Cone Memorial Hospital Operating Corporation.*

Conrad, Judge.

1.     This class action, though begun almost ten years ago, remains in its early stages.  Pending is the defendants' second motion to dismiss the amended complaint. (ECF No. 104.)

2.     Christopher Chambers is a former patient of The Moses H. Cone Memorial Hospital ("Moses Cone").  He had an emergency appendectomy there in August 2011. (*See* Am. Compl. ¶ 25, ECF No. 49.)  Uninsured at the time, Chambers signed a standard form contract and agreed to pay all charges "in accordance with the regular

rates and terms" used by the hospital. (Am. Compl. ¶ 12.) According to Chambers, the phrase "regular rates" is meaningless because Moses Cone uses a smorgasbord of rate schedules that vary by patient and service provider. There are, for example, government-mandated rates for Medicare and Medicaid recipients, negotiated rates for insured patients, and discounted rates for charitable services. (*See* Am. Compl. ¶ 15.) Chambers alleges that his bill—totaling more than $14,000—was based on "artificial and grossly excessive Chargemaster rates." (Am. Compl. ¶ 42; *see also* Am. Compl. ¶ 27.) Rather than pay in full, Chambers sued Moses Cone and its parent company.

3. Early motions and amendments have winnowed the claims. All that remains is a claim for declaratory judgment. Chambers seeks declarations that Moses Cone's form contract includes an open price term, that it may not bill self-pay patients at Chargemaster rates, and that it is entitled only to the reasonable value of its services. (*See* Am. Compl. ¶¶ 40, 41.) He asserts the claim on behalf of a class of similarly situated self-pay patients. (*See* Am. Compl. ¶¶ 28, 31.)

4. Shortly after the amended complaint was filed, Moses Cone renounced its intention to seek payment from Chambers. It then moved to dismiss his claim as moot. This Court agreed that Chambers's individual claim was moot, concluded that he could no longer represent the putative class, and dismissed the amended complaint. *See Chambers v. Moses H. Cone Mem'l Hosp.*, 2017 NCBC LEXIS 22, at *12–20 (N.C. Super. Ct. Mar. 13, 2017). The Court of Appeals affirmed that decision, but the Supreme Court granted review, reversed, and held that Chambers "retains

the legal capacity to pursue class certification and class-wide relief, even though his individual claim may have been satisfied." *Chambers v. Moses H. Cone Mem'l Hosp.*, 374 N.C. 436, 451 (2020).

5. Now, on remand, Moses Cone has moved to dismiss the amended complaint for failure to state a claim. After full briefing and a hearing on 13 July 2021, the motion is ripe.

6. Dismissal for failure to state a claim "is seldom appropriate" in declaratory-judgment actions. *Morris v. Plyler Paper Stock Co.*, 89 N.C. App. 555, 557 (1988) (citing *N.C. Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 439 (1974)). It is usually sufficient to allege "the existence of a real controversy arising out of the parties' opposing contentions and respective legal rights under a . . . contract." *Id.*; *see also* N.C.G.S. § 1-254 (authorizing contracting parties to "have determined any question of construction or validity arising under the" contract).

7. Chambers has cleared that relatively low bar. The amended complaint alleges a real controversy about whether the contract at issue has an open price term and whether the hospital may bill self-pay patients at Chargemaster rates. Moses Cone concedes as much. (*See* Reply Br. 2, ECF No. 109.)

8. So, what is Moses Cone's argument for dismissal? Its position is that, even if Chambers prevails, his victory in this battle will not end the war. A determination that the contract contains an open price term will spawn new disputes about what each class member owes. On that basis, Moses Cone contends that a declaratory

judgment will not settle things once and for all and that the Court must refuse to issue one. (*See* Br. in Supp. 6, ECF No. 105.)

9. Certainly, a trial court has discretion "to decline a request for declaratory relief when (1) the requested declaration will serve no useful purpose in clarifying or settling the legal relations at issue; or (2) the requested declaration will not terminate or afford relief from the uncertainty, insecurity, or controversy giving rise to the proceeding." *Augur v. Augur*, 356 N.C. 582, 588–89 (2002) (citing N.C.G.S. § 1-257). But neither condition exists here. Entry of the declarations sought by Chambers would serve a useful purpose by clarifying the contract's price term. It would also afford relief to class members from the uncertainty over whether Moses Cone may bill self-pay patients at Chargemaster rates. *See, e.g.*, *Perry v. Bank of Am., N.A.*, 251 N.C. App. 776, 780–81 (2017) (reversing dismissal of declaratory-judgment action).

10. Although Moses Cone analogizes this case to *Augur*, the cases are nothing alike. There, the trial court dismissed a claim for declaratory judgment because the party asserting the claim had already received complete relief through other means. The Supreme Court affirmed, observing that declaratory relief would not have altered the parties' legal positions. *See Augur*, 356 N.C. at 589–90. That isn't true in this case. The class (unlike Chambers) has not received relief of any kind; declaratory relief would alter the parties' legal positions and clarify their contractual rights.

11. The possibility that Moses Cone and some class members will go on to dispute the reasonable value of services provided is not a sound reason to dismiss the claim. Declaratory relief is available "whether or not further relief is or could be

claimed." N.C.G.S. § 1-253. And nothing requires "one seeking an adjudgment of contract rights to go further and seek an enforcement of those rights." *Knotville Volunteer Fire Dep't, Inc. v. Wilkes Cnty.*, 94 N.C. App. 377, 379 (1989).

12. Finally, Moses Cone argues that the requested declarations "necessitate an individualized factual inquiry" for each class member. (Reply Br. 10.) That objection, if true, might preclude class certification. At some point, Chambers will need to show that his claim is capable of class-wide resolution and that questions of law and fact common to the class predominate over individual issues. *See Hefner v. Mission Hosp., Inc.*, 2015 NCBC LEXIS 115, at *9–12 (N.C. Super. Ct. Dec. 15, 2015). But that is an issue for another day.

13. For now, the question is simply whether Chambers has adequately alleged a basis for declaratory relief. He has. The Court therefore **DENIES** the motion to dismiss.

14. The parties shall file a revised case management report and proposed case management order no later than 2 August 2021. The Court will schedule a case management conference at a later time.


        **SO ORDERED**, this the 19th day of July, 2021.


                                    /s/ Adam M. Conrad
                                    Adam M. Conrad
                                    Special Superior Court Judge
                                        for Complex Business Cases