Ruth FRIEDMAN et al.,

v.

Stephen BERGER, Individually and as Commissioner of the New York State Department of Social Services, et al., Defendants.

No. 75 Civ. 6485.

United States District Court, S. D. New York.

March 17, 1976.

John C. Gray, Jr., Brooklyn Legal Services Corp. B, Brooklyn, N.Y., for plaintiffs; John M. Fredenburg, Los Angeles, Cal., National Health Law Program, of counsel.

Louis J. Lefkowitz, Atty. Gen., New York City, for defendants Stephen Berger and New York State Dept. of Soc. Serv.; Robert S. Hammer, Asst. Atty. Gen., New York City, of counsel.

WYATT, District Judge.

This is a motion by plaintiffs for an order (a) "certifying" (determining) that this action may be maintained as a class action (Fed.R.Civ.P. 23(c)(1)) and (b) granting a preliminary injunction restraining the alleged unlawful enforcement of Section 360.5(e) of Title 18 of the official Compilation of Codes, Rules and Regulations of the State of New York (NYCRR).

1.

In 1965, Congress added a new Title XIX to the Social Security Act (42 U.S.C. § 1396 and following). This was entitled "Grants to States for Medical Assistance Programs" and apparently has come to be called "Medicaid".

The 1965 addition provided for payments by the federal government to states which submit and secure approval by HEW of state plans for medical assistance. New York is such a state.

The Medicaid statute provides through the states for "medical assistance on behalf of . . . aged, blind or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services . . ." (42 U.S.C. § 1396).

The Medicaid statute (as is true of other parts of the Social Security Act) is

an aggravated assault on the English language, resistant to attempts to understand it. The statute is complicated and murky, not only difficult to administer and to interpret but a poor example to those who would like to use plain and simple expressions. The present motion must be decided, however, and what follows is the result of best efforts to find the meaning of the Medicaid statute and other relevant statutes and regulations.

### 2.

The case at bar deals with two groups eligible for Medicaid assistance, the "categorically needy" and the "medically needy". The quoted terms come from federal regulations cited hereafter.

The eligibility of the two groups is based on provisions of the Medicaid statute (42 U.S.C. § 1396a(a)(10) and (17)) and the related New York statute (Social Services Law § 366(1)(a)(2) and (5)).

### 3.

By federal law, the state plans for medical assistance *must* provide "for making medical assistance available to all individuals . . . with respect to whom supplemental security income benefits are being paid under subchapter XVI of this chapter" (42 U.S.C. § 1396a(a)(10)(B)).

"[S]ubchapter XVI of this chapter" provides for "Supplemental Security Income for Aged, Blind and Disabled" (42 U.S.C. §§ 1381–1383c). Eligible individuals are those aged, blind, or disabled whose income does not exceed $1752 per year (42 U.S.C. § 1382(a)(1)). Money benefits are payable; these are usually called Supplemental Security Income benefits or "SSI benefits".

Federal regulations describe those who are "categorically needy" in relevant part as follows (45 CFR § 248.1(a)(1)(i)):

"In order to be considered as categorically needy [for purposes of the Medicaid statute] an individual must in general be receiving financial assistance or sufficiently in need to be financially eligible for financial assistance under

title . . . XVI of the Social Security Act . . .".

The New York plan for medical assistance is provided for in Title 11 of Article 5 of the Social Services Law ("SSL") (§§ 363–369).

SSL § 366(1)(a)(2) provides for medical assistance to persons who are "receiving or . . . eligible to receive federal supplemental security income payments . . . ." This seems to cover the "categorically needy".

### 4.

By federal law, the state plans for medical assistance *may* provide "for making medical assistance available to all individuals who would, except for income and resources, be eligible . . . to have paid with respect to them supplemental security income benefits under subchapter XVI of this chapter, and who have insufficient . . . income and resources to meet the costs of necessary medical and remedial care and services . . . " (42 U.S.C. § 1396a(a)(10)(C)(i)).

The reference to "subchapter XVI" etc. is to SSI benefits already explained.

Federal regulations describe those who are "medically needy" as follows (45 CFR § 248.1(a)(2)(i)):

"An individual is considered to be medically needy if he has income and resources which exceed the amount of income and resources allowed to the categorically needy but which are insufficient to meet the costs of necessary medical and remedial care and services."

The New York plan provides for medical assistance to the medically needy but does not describe them exactly as does the quoted federal regulation. SSL § 366(1)(a)(5) provides for medical assistance to a person who

" . . . although not receiving nor in need of public assistance or care for his maintenance under other provisions of this chapter, has not, according to the criteria and standards established by this article or by action of the department, sufficient income and re-

sources, including available support from responsible relatives, to meet all the costs of medical care and services available under this title, and is either (i) under the age of twenty-one years or over the age of sixty-four years or (ii) a spouse of a cash public assistance recipient living with him and essential or necessary to his welfare and whose needs are taken into account in determining the amount of his cash payment or (iii) for reasons other than income or resources, is eligible for aid to dependent children or federal supplemental security income benefits and/or additional state payments; . . . ."

This seems to cover in substance the "medically needy".

### 5.

If a person receiving SSI benefits is in a hospital, skilled nursing facility or intermediate care facility receiving Medicaid assistance the SSI benefits are $300 per year or $25 per month (42 U.S.C. § 1382(e)(1)(B); 20 CFR § 416.231(a)(2)). In determining eligibility for SSI benefits (income of no more than $1752 per year), the first $240 per year of income (or $20 per month) is excluded. 42 U.S.C. § 1382a(b)(2) The combined effect of the cited statutes and regulation—according to the plaintiffs—is that a "categorically needy" individual (one receiving SSI benefits) who is in a hospital or other institution in New York and receiving Medicaid assistance and who has income of at least $20 per month, is able to retain $45 per month for personal needs. This is not true, as will be seen. If any such individuals are in fact retaining $45 per month for personal needs, it is not because of the cited statutes and regulation (or any others).

The question may be asked at this point: if a "categorically needy" person in an institution for chronic care has income of more than the sum retained for personal needs but less than $1752 per year (the maximum income beyond which a person is ineligible for SSI benefits, 42 U.S.C. § 1382(a)(1)), what happens to the difference?

Counsel have not supplied any answer to this question and have cited nothing from the Medicaid statute on the point.

The federal regulations require that the state plan must provide that individuals in "long term care facilities" apply their income "first to personal needs" and then "for the application of the remainder to the cost of medical or remedial care". 45 CFR § 248.3(b)(5).

Counsel have not cited anything in SSL which deals with the matter and a study of its provisions discloses nothing which seems to be relevant.

The state regulations, however, include a provision, that which is attacked in this action, which provides that all resources of Medicaid recipients in excess of $28.50 per month (with irrelevant exceptions) must be used to meet the cost of their medical assistance (that is, must be turned over to the state or to the medical institution). This provision is in 18 NYCRR § 360.5(e) and in relevant part reads as follows:

"If an applicant or recipient is receiving chronic care in a medical institution or intermediate care facility, all resources in excess of those exempt from consideration in accordance with paragraph (a) of subdivision 2 of section 366 of the Social Services Law and $28.50 per month for personal expenses shall be utilized to meet the cost of medical assistance for that applicant or recipient and for maintenance needs of the dependent members of his former family household."

This seems to mean that as to the "chronically needy" all income above $28.50 per month (and of course below $1752 per year because no "categorically needy" person could have more than that) "shall be utilized to meet the cost of medical assistance . . . " etc. It seems equally to mean that as to the "medically needy" all income above $28.50 per month "shall be utilized to meet the cost of medical assistance . . . " etc.

In calculating the excess of $28.50, there are the exemptions specified in SSL § 366(2)(a). These include income

of $2700 for a single person and increasing income amounts if there are more "family members". However, according to the regulation—18 NYCRR § 360.5(e) —a Medicaid recipient "receiving chronic care in a medical institution" does not count as one of the "family members" and thus a single person would not have any income exemption, a person with one family member would have a $2700 income exemption, and upwards from that amount for additional family members.

It appears, therefore, that according to the state regulation, a single person receiving chronic care in a medical institution would be able to keep "for personal expenses" $28.50 per month, whether "categorically needy" or "medically needy" and a person having one or more family members and who is receiving chronic care in a medical institution would be able to keep $28.50 "for personal expenses" per month plus upwards of $2700 as an income exemption.

### 6.

■ The complaint (para 2) describes plaintiffs as all having income "of over $45 a month" and this is repeated later is describing the class (para 7).

What legal significance the $45 figure has, does not appear.

It may be that plaintiffs have the mistaken notion that a person having more than $45 per month income is ineligible to receive SSI benefits. The following statement appears in the memorandum of law for plaintiffs (p. 1), referring to the composition of the claimed class: "They all have income of more than $45 a month and, because of this, are not eligible for cash public assistance under the Supplementary Security Income ("SSI") program, 42 U.S.C. § 1381 et seq., which would otherwise be available to them as disabled persons." This seems to be an error. Reference to the cited statute shows that the eligibility test for SSI benefits is whether a person has income of more than $1752 per year, or $146 per month. 42 U.S.C. § 1382(a)(1).

A class composed of persons having income "of more than $45 a month", as claimed here (complaint para 7), would appear to have no legal meaning or significance.

The motion for class action determination is for this reason (and there are other reasons) denied.

### 7.

■ The present action seems to assert some claim, never put in plain words, that plaintiffs and their class are "medically needy" and are allowed by New York to retain only $28.50 per month "for personal expenses" whereas those who are similarly situated but are "categorically needy" are allowed by New York to retain $45 per month "for personal expenses". It is not easy to deduce this from the complaint but it seems to be so.

According to my understanding of the admittedly difficult statutes and regulations, the claim has not the slightest basis and is frivolous. If in fact the administration of Medicaid in New York is producing the result claimed by plaintiffs, the remedy should be a reduction of all Medicaid recipients—whether "categorically needy" or "medically needy"— to an allowance of $28.50 per month. It would be absurd to increase the allowance to plaintiffs to $45 which, if presently permitted to the "categorically needy", seems indefensible.

### 8.

The complaint attempts to state five separate claims but they all seem to be but variations on a basic grievance.

The basic grievance seems to be that plaintiffs are "medically needy", that they are receiving chronic care in an institution, that under 18 NYCRR § 360.-5(e) they can retain from their income "for personal expenses" $28.50 per month, and that "categorically needy" persons receiving chronic care in an institution can retain from their income "for personal expenses" $45 per month.

It will be assumed for present purposes that plaintiffs are "medically

needy" but it is obvious from the complaint that a number of plaintiffs are "categorically needy" and are eligible for SSI benefits because they have income of less than $146 per month.

Plaintiffs never explain how the "categorically needy" manage to retain from their income $45 per month "for personal expenses". It is evident that plaintiffs arrive at this figure simply by adding the $25 per month SSI benefits and the $20 per month of income disregarded in determining eligibility for SSI benefits.

There is nothing in the state regulation, 18 NYCRR § 360.5(e), which allows of such a result. The state regulation applies to *any* "applicant or recipient", whether "categorically needy" or "medically needy." All must utilize their income in excess of $28.50 per month to meet the cost of medical assistance. If a "categorically needy" person is in an institution for chronic care and receives $45 per month income (SSI benefits and other income) everything above $28.50 must be used to meet the cost of medical assistance. Such is the command of the state regulation and this is entirely consistent with federal regulations. Counsel for plaintiffs commendably calls my attention to the fact that the HEW Regional Commissioner is in agreement with the view just expressed. In a letter dated December 8, 1975, the Commissioner stated:

> "The fact that $20 of his income was not counted in determining his financial eligibility for SSI benefits (and in most States his financial eligibility for Medicaid), does not require that such amount also be protected in determining how much income is to be applied to medical costs. Therefore, in computing income available for application toward the cost of care in the facility,

there is currently no prohibition against applying income which was disregarded in the eligibility determination toward such cost, as long as the appropriate amount is retained for personal needs, per 45 CFR 248.-3(b)(4)."

It may be that New York officials are not in fact requiring that "categorically needy" persons under chronic care utilize their income in excess of $28.50 to meet medical costs. The complaint does not so aver. It may be that, on one mistaken theory or another, New York officials are in fact allowing "categorically needy" persons under chronic care to retain $45 per month "for personal expenses". The complaint does not so aver.

In any event, it is clear that plaintiffs are not entitled to retain more than $28.50 per month "for personal expenses". That others, wrongfully and in violation of the state regulation, are permitted to retain more is of no concern in law to plaintiffs.

The motion for a preliminary injunction is in all respects denied.

This action should not proceed further. It is without merit. While it does serve to call attention to a possible failure in some instances to enforce the state regulation, plaintiffs have no standing to complain in this respect. They have suffered no harm. No rights of theirs have been violated. There is no justiciable controversy here; there is no "concrete injury" which presents a "factual context" to enable a court to make decisions. *Schlesinger v. Reservists, etc.*, 418 U.S. 208, 221, 94 S.Ct. 2925, 2932, 41 L.Ed.2d 706, 718–719 (1974). Accordingly, the complaint is dismissed.

SO ORDERED.