Town and Country Civic Organization v. Winston-Salem Bd. of Adjustment

Reversed.

Judges ARNOLD and JOHNSON concur.

———————

TOWN AND COUNTRY CIVIC ORGANIZATION, AN UNINCORPORATED ASSOCIA-
TION, JOSEPH F. NICASTRO, W. JEFFREY MILLER, WILLIAM J.
PARSONS, JOHN J. ONESTA, JAMES A. STEPHENS, MYRON M. CHE-
NAULT, EILEEN B. FORMAN, BILLY E. DEAL, MARLENE OLENICK,
ANDREW V. DALE, SUSAN KOIVISTO, CHARLES H. BOHRER, ELEA-
NOR M. KISTNER, BERNHARD K. KISTNER, MICHAEL R. BROOKS,
PATRICIA M. DONNELLY, JIM DONNELLY, DONALD G. SMITH, PEGGY
L. MASON, GEORGE M. CLELAND, ELIZABETH CLELAND, BARBARA
TAYLOR, ALLISON W. ANDREWS, HILDA M. NELSON, ROBERT LANG-
LOIS, CLAUDETTE LANGLOIS, BROCK W. WILLIAMS, ROBERTA D.
SMITH, LENA N. DAVIS, JOHN M. DAVIS, JOHN W. GOLLOWAY,
STELLA H. GOLLOWAY, DOYCE T. AMOS, HORACE H. MAGAVERO,
ETHEL G. MAGAVERO, MASON O. MOBLEY, JR., RICHARD B. TOOHEY,
ARNOLD G. HORTON, CLINTON A. CORAN, MARGARET T. VIGLIANCO,
CARL M. VIGLIANCO, C. H. RICHARDS, JR., WALT WHITEMAN, ALAN
SCHNEIDER, LARRY R. TAYLOR, MADELINE PARSONS, RICHARD L.
DULL, W. L. BAIN, SHARON LEONARD, JOHN A. KOIVISTO, JOHN D.
VERSAGGI, RALPH MARRUJO, BARBARA J. KELLEY, GRIFF BELL-
AMY, DONALD W. HAILE, ISAAC N. ALBRIGHT, PAMELA J. TOOHEY,
JAMES G. VOGLER, MARION W. MASON, ROBERT E. BRANT, AN-
THONY R. RAHL, M.D., DAVID J. JOHN, LINDA J. MICHALSKI,
VIRIGINA P. HENSCHEL, HERNEY D. MARTIN, LOUISE B. ELESHA,
DORIS W. DULL, HAROLD W. PORTER, MOLLY S. SCHNEIDER, SUSAN
S. CHOQUETTE, CATHY MILLS, W. K. KEENER, JR., ELAINE H.
KEENER, CARRIE P. THOMAS, N. CHRISTINA ROCHE, SANDY NICAS-
TRO AND JOHN G. HEDRICK, JR. v. WINSTON-SALEM ZONING BOARD
OF ADJUSTMENT, CHARLES L. FREEMAN, ISAAC C. ROGERS, JONA-
THAN EDWARDS, RENCE CALLAHAN, CYNTHIA C. DERVIN, KHALID
FATTAH GRIGGS, AMOS E. SPEAS, AND SALEM MEDIA OF N.C., INC., A
NORTH CAROLINA CORPORATION DOING BUSINESS AS "WTOB RADIO STATION"

No. 8621SC484

(Filed 16 December 1986)

**Municipal Corporations § 31— zoning dispute—jurisdiction of board of adjustment
—notice of appeal**

The Winston-Salem Board of Adjustment lacked authority to hear an ap-
peal from a zoning officer regarding the construction of radio towers where
the rules of procedure for the board of adjustment required notice of appeal
within thirty days and the appeal here was filed one hundred days after the
permit was issued. While there was evidence that the permit was not posted

within thirty days following its issuance, there was a finding that the towers arrived on the site at least thirty days before the petitioners filed their appeal.

Judge EAGLES concurring.

APPEAL by petitioners from *Mills, Judge.* Judgment entered 24 December 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 17 November 1986.

On 25 February 1985, WTOB Radio Station applied for and was issued a building/zoning permit allowing the erection of six radio towers along with an accessory transmittal building. The zoning permit was issued pursuant to Winston-Salem Zoning Ordinance § 25-6(G) which provides a Table of Permitted Uses. Since the requested use, "radio transmission towers," did not specifically appear in the table, the zoning officer determined as authorized by the ordinance, which listed use was most similar to the requested use. The zoning officer determined that the requested use was most similar to "utilities, public or private, except terminal facilities."

In February 1985, grading of the site began and the radio towers arrived in April 1985. On 5 June 1985, residents of the Town and Country Subdivision, claiming to be aggrieved parties, appealed to the Zoning Board of Adjustment from the decision of the zoning officer. On 3 July 1985, the Board held an evidentiary hearing where it was brought to their attention that the appeal was made untimely. The Board affirmed the zoning officer's decision.

The appellants filed a petition for writ of certiorari and judicial review in Forsyth County on 17 July 1985. The Board's decision was affirmed by the trial court. Petitioners appeal from the judgment of the trial court.

*Pfefferkorn, Pishko & Elliot, by David C. Pishko, for petitioner appellants.*

*Ronald G. Seeber, City Attorney, for Winston-Salem Zoning Board of Adjustment, appellee.*

*Hutchins, Tyndall, Doughton & Moore, by George E. Doughton, Jr., for Salem Media, Inc., appellee.*

ARNOLD, Judge.

The scope of judicial review for decisions made by a board sitting as a quasi-judicial body involves:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E. 2d 379, 383, *reh'g denied*, 300 N.C. 562, 270 S.E. 2d 106 (1980).

Defendant contends that the trial court erred in affirming the Winston-Salem Zoning Board of Adjustment's decision because it was not supported by competent, material and substantial evidence in the record. Before reaching this issue, however, it must first be determined whether the Board had jurisdiction to hear the appeal.

The Rules of Procedure-Zoning Board of Adjustment, Winston-Salem, North Carolina VI. B. states that: "No appeals shall be heard by the Board unless notice thereof is filed within thirty (30) days of the order, requirement, decision or determination by the Superintendent of Inspections." In the case *sub judice*, appellants filed their appeal on 5 June 1985, one hundred days after the zoning permit was issued. The specified procedure here was not followed. The established rules of the Board are binding on the Board itself, as well as on the public. *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E. 2d 129 (1974). The thirty-day rule should have been applied literally. The Board was without jurisdiction to hear the appeal.

Appellants contend that to enforce the thirty-day requirement would deny them due process of law because they did not have notice of the zoning officer's decision within the thirty days immediately following the ruling. We disagree.

Town and Country Civic Organization v. Winston-Salem Bd. of Adjustment

While there is evidence which might tend to suggest that WTOB's zoning permit was not posted within thirty days following the issuance of the permit, there is also a finding of fact by the trial court that the radio towers arrived on the site at least thirty days before the petitioners filed their appeal with the Zoning Board. This delivery of the towers provided notice for the appellants, yet they still waited more than thirty days from that date to act. Petitioners were not prejudiced by the thirty-day rule requiring notice to be posted.

By way of dicta, we note that in other circumstances where aggrieved parties entirely lack any form of notice of a zoning officer's decision, there might be a due process question. The thirty-day rule will always be reasonable for the zoning applicant because notice of the zoning officer's decision is necessarily communicated to that individual. Aggrieved parties, however, may be without such notice until after the thirty-day time limit has expired. This matter should be addressed by the Board of Adjustment or the Winston-Salem City Council.

Having determined that the present appeal is barred due to lack of jurisdiction, appellant's contention concerning the validity of the Superintendent of Inspection's decision is not properly before this Court.

Appeal dismissed.

Judges JOHNSON and EAGLES concur.

Judge EAGLES concurring.

I concur with the majority. I consider it worthwhile to point out that the parties concede that it is the City's practice to not enforce its ordinance requirement that notices be posted. In my judgment this practice of winking at non-compliance is an open invitation for future litigation.