WATER TOWER OFFICE ASSOCIATES, Petitioner v. TOWN OF CARY BOARD OF ADJUSTMENT, Respondent

No. COA98-345

(Filed 15 December 1998)

### Zoning— appeal from zoning enforcement officer—not timely

The trial court properly dismissed a petition for a writ of certiorari seeking review by the trial court of a decision of the Cary Board of Adjustment where petitioner received a letter from a zoning enforcement officer on 11 October 1996 informing petitioner that a tract which petitioner had thought was zoned commercial was zoned for residential use; petitioner wrote a letter to the planning director on 18 October asking for advice and help in correcting the problem; a planner with the Town responded on 30 October by sending petitioner an application for an appeal of the decision that the property is zoned residential; petitioner filed the appeal on 17 February; the Board of Adjustment affirmed the decision; petitioner filed for a writ of certiorari seeking review of the Board of Adjustment decision; and the court allowed a motion to dismiss because the appeal from the administrative decision had not been timely. Petitioner is presumed to know the law even if the limitation was not mentioned in the letter from the planner and the thirty-day limitations period began running at the latest on receipt of the 11 October letter. The 18 October letter did not fulfill the statutory requirement for an appeal and it is irrelevant that the Board of Adjustment heard the appeal.

Appeal by petitioner from order filed 30 June 1997 by Judge Jack A. Thompson in Wake County Superior Court. Heard in the Court of Appeals 27 October 1998.

*Holt & York, LLP, by Barbara A. Jackson, for petitioner appellant.*

*The Brough Law Firm, by William C. Morgan, Jr., for respondent appellee.*

GREENE, Judge.

Water Tower Office Associates (WTOA) appeals from the trial court's order dismissing its petition for writ of certiorari.

In 1987, WTOA purchased two tracts of property in the Town of Cary, which it contends was zoned for commercial use. On 11 October 1996, WTOA received a letter from a Town of Cary zoning code enforcement officer, Tracy Roberts (Roberts), informing WTOA that these two tracts are zoned for residential use. On 18 October 1996, WTOA mailed a letter to the Town of Cary's planning director, Jeff Ulma (Ulma), "asking for [Ulma's] assistance in advising as well as participating with us in correcting this potentially costly error. Please let me know what is the next step to be taken." There is no evidence in the record that WTOA mailed copies of this letter to anyone other than Ulma. J.W. Shearin (Shearin), a planner for the Town of Cary, responded to WTOA's letter on 30 October 1996, stating:

> Please find attached an application for an Administrative Appeal to the Board of Adjustment in response to your letter of October 18, 1996, concerning the "next step" for addressing the issue of zoning on [your property].

> This application would be reviewed by the Cary Board of Adjustment to appeal staff's decision for zoning of your property. I have also included a calendar for the Town of Cary Board of Adjustment.

>     . . . .

> Upon your review, please contact me at 469-4080 for additional information or assistance.

WTOA filed its appeal of Roberts' administrative decision that its property is zoned for residential use on 17 February 1997. The Board of Adjustment subsequently heard WTOA's appeal and affirmed Roberts' decision. WTOA filed a petition for writ of certiorari with the trial court seeking review of the decision of the Board of Adjustment. The Board of Adjustment made a motion to dismiss the petition because WTOA's appeal from Roberts' decision had not been timely filed with the Board of Adjustment. The trial court allowed the Board of Adjustment's motion on 30 June 1997, dismissing WTOA's petition for writ of certiorari with prejudice. From this order of the trial court, WTOA appeals.

WATER TOWER OFFICE ASSOCS. v. TOWN OF CARY BD. OF ADJUST.

[131 N.C. App. 696 (1998)]

The issue is whether WTOA failed to timely appeal from Roberts' adverse decision.

Appeal to the Board of Adjustment from the decision of a zoning enforcement officer "shall be taken within the times prescribed by the [B]oard of [A]djustment by general rule." N.C.G.S. § 160A-388(b) (1994). The Town of Cary's ordinances provide that appeal from a zoning officer's decision "shall be filed no later than 30 days after the date of the contested action." Cary, N.C., Code of Ordinances § 6.2.4(b) (Supp. 1998). "The established rules of the Board [of Adjustment] are binding on the Board itself, as well as on the public." *Town and Country Civic Organization v. Winston-Salem Bd. of Adjustment*, 83 N.C. App. 516, 518, 350 S.E.2d 893, 895 (1986), *dismissal allowed and disc. review denied*, 319 N.C. 410, 354 S.E.2d 729 (1987); *Jackson v. Board of Adjustment*, 2 N.C. App. 408, 418-19, 163 S.E.2d 265, 272 (1968) (noting that the Board of Adjustment must abide by local ordinances enacted in accordance with state zoning law), *aff'd*, 275 N.C. 155, 177 S.E.2d 78 (1969). Failure to take appeal within the time period set forth deprives the Board of Adjustment of subject matter jurisdiction to hear the appeal. *Town and Country Civic Organization*, 83 N.C. App. at 518, 350 S.E.2d at 895.

In this case, the thirty-day limitations period for filing an appeal began to run, at the latest, on WTOA's receipt of Roberts' 11 October 1996 letter notifying WTOA that its property is zoned for residential use. *See Allen v. City of Burlington Bd. of Adjustment*, 100 N.C. App. 615, 618-19, 397 S.E.2d 657, 660 (1990) (noting that the time for taking appeal "begins to run when a party has actual or constructive notice of the zoning decision"). WTOA did not appeal Roberts' decision to the Board of Adjustment, however, until 17 February 1997. Because more than thirty days had elapsed since WTOA had received notice of the zoning decision, the Board of Adjustment did not have subject matter jurisdiction to hear the appeal. Despite WTOA's contentions to the contrary, it is irrelevant that the Board of Adjustment heard WTOA's appeal. *See Town and Country Civic Organization*, 83 N.C. App. at 517, 350 S.E.2d at 894; *In re Triscari Children*, 109 N.C. App. 285, 288, 426 S.E.2d 435, 437 (1993) ("[L]ack of subject matter jurisdiction cannot be waived and can be raised at any time, including for the first time on appeal to this Court.").

WTOA contends that it should not be held to the thirty-day limit for filing appeal since the letter from Shearin did not inform WTOA of this limitation. WTOA, however, is presumed to know the law. *See,*

*e.g., In re Forestry Foundation, Inc.*, 296 N.C. 330, 342, 250 S.E.2d 236, 244 (1979); *Teer Co. v. Highway Commission*, 265 N.C. 1, 10, 143 S.E.2d 247, 254 (1965). Accordingly, the thirty-day limitation set forth in the Town of Cary's ordinances is binding on WTOA.

WTOA alternatively contends that its letter of 18 October 1996 to Ulma, which was mailed within thirty days of Roberts' decision, should be construed as an appeal of that decision. Appeal is taken, however, "by filing with the officer from whom the appeal is taken and with the [B]oard of [A]djustment a notice of appeal." N.C.G.S. § 160A-388(b). WTOA's letter to Ulma does not fulfill this statutory requirement.

Accordingly, the trial court properly dismissed WTOA's petition for writ of certiorari.

Affirmed.

Judges LEWIS and HORTON concur.