IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-44

Filed 05 September 2023

Wake County, No. 22CVS4866

B & D INTEGRATED HEALTH SERVICES, Petitioner,

v.

NC DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF MEDICAL ASSISTANCE, AND ITS AGENT ALLIANCE HEALTH, Respondent.

Appeal by defendant from judgment entered 10 August 2022 by Judge Stephan R. Futrell in Wake County Superior Court. Heard in the Court of Appeals 9 August 2023.

> *Ralph Bryant Law Firm, by Ralph T. Bryant, Jr., for the petitioner-appellant.*
>
> *Attorney General Joshua H. Stein, by Assistant Attorney General, by Dylan C. Sugar, for the respondent-appellee.*
>
> *Alliance Health, by Assistant General Counsel Jacqueline M. Perez, and John A. Parris, for the respondent-appellee.*

TYSON, Judge.

B & D Integrated Health Services ("B & D Health") appeals from an order entered on 10 August 2022 denying its petition for judicial review. The petition sought review to reverse, vacate, or modify an Office of Administrative Hearings' ("OAH") decision entered on 22 December 2021, which upheld Alliance Health's

B & D Integrated Health Servs. v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

("Alliance") termination for three healthcare services B & D Health had provided to Alliance's plan members and assessed an $86,459.67 overpayment. We affirm.

## I.    Background

This dispute arises from a contractual agreement between B & D Health and Alliance. The contract outlined the mental health services B & D Health was permitted and obligated to provide to Alliance's plan members, who are Medicaid beneficiaries.

A complex set of statutory and regulatory provisions, enacted and promulgated by both the federal and state governments, govern Medicaid agreements. *See Friedman v. Berger,* 409 F. Supp. 1225, 1225-26 (S.D.N.Y. 1976) ("The Medicaid statute (as is true of other parts of the Social Security Act) is an aggravated assault on the English language, resistant to attempts to understand it. The statute is complicated and murky, not only difficult to administer and to interpret but a poor example to those who would like to use plain and simple expressions.").

Medicaid is a taxpayer-funded insurance program, which provides healthcare coverage and benefits to individuals and families whose income fall below certain thresholds. *Arkansas Dep't. of Health & Human Servs. v. Ahlborn*, 547 U.S. 268, 275, 164 L.Ed.2d 459 (2006). The North Carolina Department of Health and Human Services ("NC DHHS") is the state agency responsible for administering North Carolina's Medicaid program. N.C. Gen. Stat. § 108A-54 (2021); State Plans for Medical Assistance, 42 U.S.C. § 1396a(a)(5) (requiring each state to have an

B & D INTEGRATED HEALTH SERVS. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

"establishment or designation of a single State agency to administer or to supervise the administration" of its Medicaid program).

NC DHHS contracts with organizations to coordinate and manage mental health services for Medicaid beneficiaries, instead of directly administering services or contracting with providers. Those organizations are referred to as a Local Management Entity/Managed Care Organization ("LME/MCO"). LMEs/MCOs are private organizations, which are paid a flat fee per plan member by the state to manage mental healthcare services for its members.

Alliance is an LME/MCO and is required to enroll, monitor, credential, and compensate providers to provide Medicaid mental health services. N.C. Gen. Stat. §§ 122C-115.4, 122C-3(20c) (2021). Alliance contracted with B & D Health to provide certain medically-necessary mental health services, as were provided in the contract.

Alliance issued a Notice of Termination of Services, Probation, and Overpayment to B & D Health on 21 April 2021. B & D Health requested a reconsideration hearing, which was held on 7 June 2021. Alliance partially overturned its original decision and reduced the overpayment amount due from $88,708.91 to $86,459.67, but the termination of three services and probationary period remained unchanged and in effect. Alliance again conducted a second-level consideration at B & D Health's request. Alliance upheld its termination of the contract and notified B & D Health the second decision was final.

B & D Integrated Health Servs. v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

B & D Health filed a Petition for a Contested Case in the OAH on 23 July 2021, contesting Alliance's termination of the contract under N.C. Gen. Stat. § 108C-12 (2021) and seeking various remedies. B & D Health named Alliance and NC DHHS as respondents in its OAH petition.

Alliance filed a Motion for Summary Judgment on 29 November 2021. The OAH granted Alliance summary judgment regarding all issues on 22 December 2021.

B & D Health petitioned the Wake County Superior Court for judicial review on 20 January 2022. The Superior Court adopted the findings of fact and conclusions of law contained in the OAH decision and held B & D Health's arguments were without merit on 10 August 2022. B & D timely appeals.

## II.    Jurisdiction

Judicial review of the final decision of an administrative agency in a contested case is governed by N.C. Gen. Stat. § 150B-51 (2021), which "governs both trial and appellate court review of administrative agency decisions." *N.C. Dept. of Correction v. Myers*, 120 N.C. App. 437, 440, 462 S.E.2d 824, 826 (1995). *See also* N.C. Gen. Stat. § 150B-43 (2021).

Additionally, N.C. Gen. Stat. § 150B-45(a) (2021) provides any party wishing to appeal the final decision of an Administrative Law Judge ("ALJ") made pursuant to the NCAPA "must file a petition [in Superior Court] within 30 days after the person is served with a written copy of the decision." *See also* North Carolina Administrative Procedure Act ("NCAPA"), N.C. Gen. Stat. §§ 150B-1 to 52 (2021). This Court

B & D Integrated Health Servs. v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

possesses jurisdiction over a final decision of the Superior Court. N.C. Gen. Stat. § 7A-27 (2021).

### III.  Issues

B & D Health argues the OAH lacked subject matter jurisdiction and the decision entered on 10 December 2021 should be vacated. B & D Health also asserts the Superior Court engaged in an impermissible *post hoc* rationalization to support the OAH' decision.

NC DHHS argues it was not a necessary party to the appeal, and the Wake County Superior Court properly held OAH erred by denying NC DHHS' motion to dismiss pursuant to N.C. Gen. Stat. § 122C-3(20c). NC DHHS asserts the portion of the Superior Court's order reversing OAH' decision to deny NC DHHS' motion to dismiss should be affirmed.

### IV.  Subject Matter Jurisdiction

B & D Health argues the OAH lacked subject matter jurisdiction to hear its petition and the ALJ's decision to grant Alliance's motion for summary judgment and the superior court's affirmance thereof must be vacated.

### A. Standard of Review

"The existence of subject matter jurisdiction is a matter of law and cannot be conferred upon a court by consent." *In re K.J.L.*, 363 N.C. 343, 345-46, 677 S.E.2d 835, 837 (2009) (quotation omitted).

"Subject matter jurisdiction is a question of law that this Court reviews *de*

B & D Integrated Health Servs. v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

*novo.*" *Tillett v. Town of Kill Devil Hills*, 257 N.C. App. 223, 224, 809 S.E.2d 145, 147 (2017).

## B. Analysis

B & D Health's intentional decision to file a contested case in the OAH, to actively seek a decision from OAH, and to argue in its filings the OAH possessed subject matter jurisdiction over the matter pursuant to N.C. Gen. Stat. § 108C-12 does not waive any defects in subject matter jurisdiction. "Lack of subject matter jurisdiction cannot be waived and can be raised at any time, including for the first time on appeal to this Court." *Water Tower Office Assocs. v. Town of Cary Bd. of Adjust.*, 131 N.C. App. 696, 698, 507 S.E.2d 589, 591 (1998) (citation omitted).

Likewise, a forum selection clause does not determine whether a tribunal has subject matter jurisdiction. *Perkins v. CCH Computax, Inc.*, 333 N.C. 140, 143-44, 423 S.E.2d 780, 782-83 (1992). "When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, i.e., as if it had never happened." *Wellons v. White*, 229 N.C. App. 164, 176, 748 S.E.2d 709, 718 (2013) (citation omitted).

N.C. Gen. Stat. § 108C-12(b) governs the requirements for providers participating in the Medicaid Program: "(b) Appeals.—Except as provided by this section, a request for a hearing to appeal an adverse determination of the Department under this section is a contested case subject to the provisions of Article 3 of Chapter 150B of the General Statutes." The plain reading of this statute grants Providers the

B & D Integrated Health Servs. v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

right to use the contested case procedures under the NCAPA to request a hearing before the OAH for any "adverse determination." *See* NCAPA, N.C. Gen. Stat. §§ 150B-1 to 52. "Adverse determination" is a term of art that incorporates two other definitions, "department" and "applicant," which are defined in Chapter 108C.

"Department" is a defined term in N.C. Gen. Stat. § 108C-2(3) (2021). Alliance is included in the definition of a "Department", as Alliance is a "legally authorized agent[ ], contractor[ ], or vendor[ ]" who "assess[es], authorize[s], manage[s], review[s], audit[s], monitor[s], or provide[s] services pursuant to . . . any waivers of the federal Medicaid Act granted by the United States Department of Health and Human Services." *Id.*

Alliance operates under "the combined Medicaid Waiver program authorized under Section 1915(b) and Section 1915(c) of the Social Security Act or to operate a BH IDD tailored plan." N.C. Gen. Stat. § 122C-3(20c). *See* Compliance with State Plan and Payment Provisions, 42 U.S.C. § 1396n(b)-(c) (outlining § 1915(b) and § 1915(c) waivers for certain components of § 1915 of the Social Security Act).

"Applicant" is also a defined term under N.C. Gen. Stat. § 108C-2(2). B & D Health qualifies as an "applicant" under this definition because it is a "partnership, group, association, corporation, institution, or entity that applies to the Department for enrollment as a provider in the North Carolina Medical Assistance Program." *Id.*

An "adverse determination" encompasses any "final decision by the *Department*," including Alliance, "to deny, terminate, suspend, reduce, or recoup a

B & D INTEGRATED HEALTH SERVS. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

*Medicaid payment* or to d*eny, terminate, or suspend a provider's or applicant's* participation in the Medical Assistance Program." N.C. Gen. Stat. § 108C-2(1) (emphasis supplied).

Here, Alliance, a statutorily-defined "Department", sought to reduce or recoup a Medicaid overpayment of taxpayer funds. Alliance also sought to deny, terminate, or suspend the ability of an "applicant", B & D Health, to provide certain services. *Id*. B & D Health argues the OAH' decision was not an "adverse determination" because its providers were still allowed to participate in the Medicaid program. Nevertheless, Alliance's termination and suspension of three of those services prevented B & D Health from providing those services to *all* Medicaid beneficiaries its providers could treat. Alliance is the sole LME/MCO for the region where B & D Health is located. Only providers, who contract with Alliance, can provide those services to Medicaid beneficiaries in that region.

The OAH possesses subject matter jurisdiction over this matter. N.C. Gen. Stat. §§ 108C-2(1)-(3), 108C-12. B & D Health was allowed to seek judicial review under the NCAPA from the Wake County Superior Court and further review from this Court. N.C. Gen. Stat. §§ 150B-45, 7A-27.

As the OAH possesses subject matter jurisdiction over the issues and the parties pursuant to the NCAPA, this matter is properly before us as a final judgment from review by the Superior Court. N.C. Gen. Stat. §§ 150B-1 to 52, 108C-2(1)-(3), 108C-12, 7A-27.

B & D INTEGRATED HEALTH SERVS. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

## V. *Post Hoc* **Rationalization**

B & D Health argues the Superior Court engaged in impermissible *post hoc* rationalization by examining other contract provisions contained within the contract between B & D Health and Alliance, which allows either party to terminate the agreement at any time as long as proper prior notice was given. B & D Health asserts the OAH was prohibited from looking at any other contract provisions allowing Alliance to terminate the contract for "convenience," as Alliance had purportedly terminated the three mental health services for "cause."

### A. Standard of Review

"We review a trial court's order granting or denying summary judgment *de novo*." *Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Id.* (citation omitted).

### B. Analysis

The OAH' decision granting summary judgment in favor of Alliance concluded:

> 50. Petitioner has raised the issue that Alliance purports to terminate the contract not for *convenience*, but for *cause* – Petitioner's alleged, and to date unproven, poor performance.
>
> . . .
>
> Put summarily, even if Petitioner proves that Alliance's allegations regarding its performance were inaccurate or even false, Alliance had the right to terminate the contract on 30 days' notice for any reason at all, or for no reason.

B & D Integrated Health Servs. v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

Thus, as in *Family Innovations*, whether Alliance's allegations of poor performance are accurate is ultimately immaterial.

The OAH concluded, even if Alliance's allegations that B & D Health had poor performance on those three mental health services were false, B & D Health could not assert a successful claim. The contract permitted Alliance to terminate the contract for convenience or for any reason as long as 30 days' prior notice was given. *See* 10A N.C. Admin. Code 27A.0106(b)(6) (providing the mandatory contract provisions required between LMEs/MCOs and providers). This contractual agreement for termination is standard in all LME/MCO contracts and is required by state law. *See* N.C. Gen. Stat. § 122C-142(a) (2021). B & D Health could not show any genuine issue of material fact exists, and Alliance's motion for summary judgment was properly granted.

This Court has recently decided two factually similar, though non-precedential, cases. As cited by the ALJ, in *Family Innovations*, a provider disputed another LME's/MCO's decision to terminate certain mental health services that received a below-target score. *Fam. Innovations, LLC v. Cardinal Innovations Healthcare Sols.*, 277 N.C. App. 659, 858 S.E.2d 144, 2021 N.C. App. LEXIS 262, 2021 WL 2201606, at *1 (2021) (unpublished). This Court held:

> Under the unambiguous terms of the Contract, Cardinal [the LME/MCO] was expressly permitted to terminate a service with Family Innovations for "no reason or any reason." Cardinal was permitted to terminate a service from the Contract for no reason at all, and Family

B & D INTEGRATED HEALTH SERVS. v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

> Innovations understood it was bound by these terms. Accordingly, it is immaterial whether Cardinal was mistaken in its evaluation of Family Innovations' performance.
>
> In a previous unpublished case from our Court, we reached the same conclusion. *See Serenity Counseling & Res. Ctr. v. Cardinal Innovations Healthcare Sols.*, 256 N.C. App. 399, 806 S.E.2d 74, 2017 N.C. App. LEXIS 927, 2017 WL 5146374 (2017) (unpublished). The case involved an almost identical contract between Cardinal and another provider, with whom Cardinal canceled a service. *Id.* at *2-4. Although the *Serenity Counseling* case involved more issues, our Court used the same reasoning to affirm the lower court's motion to dismiss. *Id.* at *7. We find the case persuasive here.

*Id.* at *2.

The facts at bar are similar to those in *Family Innovations*. Even if Alliance's allegations regarding B & D Health's performance were shown to be false, Alliance was contractually allowed to terminate the contract without cause or any reason. No genuine issue of material fact exists. The trial court did not err by granting Alliance's motion for summary judgment. The Superior Court's order upholding the OAH' decision and to grant summary judgment in favor of Alliance is affirmed. *Id.*; *Craig*, 363 N.C. at 337, 678 S.E.2d at 354.

## VI.    NC DHHS' Motion to Dismiss

NC DHHS filed a motion to dismiss on 4 August 2021, seeking dismissal from the matter initiated by B & D Health pending before the OAH. The OAH denied NC DHHS' motion to dismiss in a separate written order on 20 August 2021.

B & D INTEGRATED HEALTH SERVS. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

NC DHHS responded to B & D Health's petition to the Superior Court for judicial review on 24 February 2022. In its response, NC DHHS sought "review of the Final Decision and Order of Dismissal entered by the North Carolina Office of Administrative Hearings ("OAH") on December 22, 2021[.]" NC DHHS argued: (1) the OAH lacked subject matter jurisdiction over NC DHHS, and (2) it was "neither a proper or necessary party at OAH nor to the matter presently before [the Superior] Court."

In NC DHHS' appeal before this Court, the department purports to argues the Superior Court reversed the OAH' separate order, which had denied NC DHHS' motion to dismiss: "DHHS also contends that on alternative grounds, the Superior Court's decision should be affirmed as to DHHS because OAH erred when it denied DHHS' Motion to Dismiss." The record before us, however, does not include any written order reversing the OAH' separate decision, entered on 20 August 2021, to deny NC DHHS' motion to dismiss. The record on appeal only includes the Superior Court's order upholding the OAH' 22 December 2021 decision in all respects. The OAH decision entered on 22 December 2021, which is the subject of this appeal and was affirmed in all respects by the Superior Court on 10 August 2022, included NC DHHS as a party to the decision.

On appeal, NC DHHS argues the OAH improperly denied NC DHHS' motion to dismiss. The agency argues Alliance's conduct amounted to a discretionary decision, because Alliance, as the LME/MCO, has the discretion to enter into and

B & D Integrated Health Servs. v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

terminate provider contracts. NC DHHS argues they do not have the authority to overturn Alliance's independent decision to terminate the contract with B & D Health for the three mental health services.

Upon a motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, "[d]ismissal is warranted if an examination of the complaint reveals that no law supports the claim, or that sufficient facts to make a good claim are absent, or that facts are disclosed which necessarily defeat the claim." *State Employees Ass'n of N.C., Inc. v. N.C. Dep't. of State Treasurer*, 364 N.C. 205, 210, 695 S.E.2d 91, 95 (2010) (citation omitted); N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2021).

In implementing the requirement of 42 U.S.C. § 1396a(a)(5), which charges each state with a Medicaid program to designate a single agency in charge of administering the program, the U.S. Department of Health and Human Services ("US DHHS") has set forth the following regulation: "Authority of the single State agency. The Medicaid agency may not delegate, to other than its own officials, the authority to supervise the plan or to develop or issue policies, rules, and regulations on program matters." 42 C.F.R. § 431.10(e)(3); *K.C. ex rel. Africa H. v. Shipman*, 716 F.3d 107, 112 (4th Cir. 2013) ("As implemented through this rule, the single state agency requirement reflects two important values: an efficiency rationale and an accountability rationale. From an efficiency perspective, the requirement ensures that final authority to make the many complex decisions governing a state's Medicaid program is vested in one (and only one) agency. The requirement thereby avoids the

B & D Integrated Health Servs. v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

disarray that would result if multiple state or even local entities were free to render conflicting determinations about the rights and obligations of beneficiaries and providers.").

The OAH did not err as a matter of law by declining to dismiss NC DHHS, and the Superior Court did not err as a matter of law by affirming the OAH' decision. Because Alliance is an agent of NC DHHS, any discretion or authority Alliance exercises flows directly from NC DHHS as the "single State agency". 42 U.S.C. § 1396a(a)(5). *See also* N.C. Gen. Stat. § 108C-2(3); 42 C.F.R. § 431.10(e)(3); *Shipman*, 716 F.3d 107, 114-15 ("Put simply, by directing states to designate a single Medicaid agency the decisions of which may not be overridden by other state and local actors, the requirement prohibits precisely what PBH aims to achieve in this appeal: to place itself in the driver's seat and call the shots on how the state's Medicaid program is to be administered[.]"); *McCartney ex rel. McCartney v. Cansler*, 608 F.Supp.2d 694, 701 (E.D.N.C. 2009) (explaining NC DHHS, as North Carolina's "single state agency" in charge of the Medicaid program, "may not disclaim its responsibilities under federal law by simply contracting away its duties"). NC DHHS' argument is overruled.

## VII.    Conclusion

The OAH possessed subject matter jurisdiction, because Alliance initiated an "adverse determination" against B & D Health. N.C. Gen. Stat. §§ 108C-2(1)-(3), 108C-12(b) (explaining "a [provider's] request for a hearing to appeal an adverse

B & D INTEGRATED HEALTH SERVS. V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

determination of the Department under this section is a contested case subject to the provisions of" the NCAPA promulgated in N.C. Gen. Stat. §§ 150B-1 to 52).

Alliance was contractually allowed to terminate the contract, with or without cause or for any reason, upon 30 days' prior notice. *Fam. Innovations,* 277 N.C. App. 659, 858 S.E.2d 144, 2021 N.C. App. LEXIS 262, 2021 WL 2201606, at *1. The Superior Court correctly affirmed the OAH' decision to grant Alliance's motion for summary judgment. The record does not show whether the OAH' separate order denying NC DHHS' motion to dismiss, entered on 20 August 2021, was properly before nor ruled on by the Superior Court. The 10 August 2022 Superior Court order B & D Health appealed from is affirmed. *It is so ordered.*

AFFIRMED.

Judges CARPENTER and FLOOD concur.